# Wallace *v.* Board of Revenue of Jefferson County *et al.*

*Bill in Equity to enjoin Board of Revenue of Jefferson County.*

1. *Constitutional law; act creating consolidated circuit court of Jefferson county; local law.*—The act of the Legislature approved October 9, 1903, entitled "An act to consolidate the city court of Birmingham, the circuit court of Jefferson county, the criminal court of Jefferson county, and the chancery court of Jefferson county, into one court to be known as the circuit court of Jefferson county, with a sufficient number of judges for the transaction of the business of such consolidated court, as provided by section 148 of the Constitution of Alabama," (Acts of 1903, p. 518), is a local law within the meaning of section 106 of the Constitution of 1901.

2. *Same; local law; what constitutes substance of proposed law to be included in notice.*—The substance of a proposed local law, which section 106 of the Constitution requires to be included in the notice to be given by publication, as a prerequisite to the passage by the Legislature of such local law, means the essential and material parts and essence of said proposed law, or an abstract or compendium thereof, such as would give the people of the State fair information of what the law is; and any notice which does not contain such information regarding the proposed law, is insufficient.

3. *Constitutional law; consolidated circuit court of Jefferson county; notice insufficient.*—The notice given of the intention to introduce in the Legislature of Alabama an act to provide for the consolidation of the courts of Jefferson county into one court, to be known as the circuit court of Jefferson county,

which recites that "Notice is hereby given of the intention to apply to the Legislature of Alabama for the passage of an act, the substance of which will be to consolidate the city court of Birmingham, the circuit court of Jefferson county, the criminal court of Jefferson county, and the chancery court of Jefferson county, into one court with all the powers and jurisdiction now exercised by the courts so consolidated, as well as other powers and jurisdiction, and provided for clerks of said court and their fees," is insufficient, in that such notice' does not set forth the substance of the proposed law, as required by section 106 of the Constitution of 1901.

APPEAL from the Chancery Court of Jefferson County. Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed by the appellant, John H. Wallace, who is a property owner and tax-payer and resident citizen of Jefferson county, against A. J. Tarrant, President of the Board of Revenue of Jefferson county, and the Board of Revenue of Jefferson county; and sought to have the respondents enjoined from advertising and making a contract for furnishing the necessary records, blank books, stationery and other supplies to the circuit court of Jefferson county, as consolidated under an act of the legislature, approved October 9, 1903.

It was averred in the bill that the legislature passed an act, which was approved October 9, 1903, entitled "An act to consolidate the city court of Birmingham, the circuit court of Jefferson county, the criminal court of Jefferson county, and the chancery court of Jefferson county, into one court to be known as the circuit court of Jefferson county, with a sufficient number of judges for the transaction of the business of such consolidated court, as provided by section 148 of the Constitution of Alabama," and that under said act, which was to go into effect on November 3, 1904, the said several courts of Jefferson county which were set forth in the title of said act were consolidated into one court known as the circuit court of Jefferson county; that the Board of Revenue of Jefferson county, acting under the supposed authority of and in compliance with the provisions of the

said act of the legislature, instructed the president of said board of revenue to advertise for sealed bids for printing and furnishing all the necessary blank books, records, court stationery and other supplies for the several divisions of the consolidated court of Jefferson county, at great expense to said county and to the irreparable loss of the complainant and other tax-payers of said county. It was then averred that said act of the legislature creating said consolidated circuit court of Jefferson county was unconstitutional, null and void, in that it was a local bill and did not pass the legislature as provided by section 106 of the constitution of 1901, because of the fact that the notice which was given of the intention to introduce such bill was not a sufficient notice as required by the constitution. It was also averred in the bill that said act of the legislature was unconstitutional, null and void, because it contravened and violated other provisions of the constitution.

It is not necessary, however, under the opinion on the present appeal, to state the other several grounds upon which said act was attacked.

To this bill the respondents demurred, upon the ground that it appears from the face of the bill and from the act itself and from the Journals of each of the houses of the legislature, that the bill was passed in strict conformity with all of the requirements of the constitution, and that it appeared that said bill was not a local bill, but was a general law.

On the submission of the cause upon the demurrer, the chancellor rendered a decree sustaining the demurrer and allowing the complainant ten days within which to amend his bill.

From this decree the complainant appeals, and assigns the rendition thereof as error.

LONDON & LONDON and CABANISS & WEAKLEY, for appellant.—The act creating the consolidated circuit court of Jefferson county, which act is under review on the present appeal, is a local law within the express definition contained in the constitution.—Const. 1901, § 110.

The said act being a local law, it could not be consti-

tutionally passed without a compliance with section 106 of the Constitution with respect to notice and proof. The notice required by said section of the constitution must "state the substance of the proposed law." The substance of the proposed law was not set forth in the notice which was given. Substance means the essential part, the main or material part, the essence.—Webster's Unabridged Dictionary; Century Dictionary; *Commonwealth v. Borden,* 61 Pa. St. 276. These definitions clearly show that the substance of the bill or act is something quite different from and more comprehensive than the mere title or subject.

It is the practice in this State to recite in bills of exceptions, at the close of the testimony, that "This is substantially all the testimony," and such expressions have been construed to mean that all the evidence was set out. *Tallman v. Drake,* 116 Ala. 262; 3 Cyc., 58. In *Falconer v. Robinson,* 46 Ala. 347, the distinction between the subject of the act and the substance of the act was pointed out by PECK, C. J. He said of the title of an act to authorize the governor to fill the vacancies in certain county offices: "The subject of this law is, by whom vacancies in certain county offices shall be filled. The title clearly expresses this: They are to be filled by the governor. But, it is said, you cannot tell by this title what particular county offices are to be filled by him. This is true, but the title is not the place for that to be expressed; that is part of *the matter and substance of the law.*"

Now, confessedly, no local act can be constitutionally passed without the publication for the required time of a notice containing the substance of the proposed law. If then the journals must affirmatively show that the law was passed in accordance with the provisions of the section, and no presumption can be indulged, the notice set out in the journal and copied in the bill of complaint is the only notice that was given, and the matter stands exactly as if the journals had stated that this and no other notice was given. Is the present less restrictive than the former constitution? Must not the journals show compliance with every requisite of the section, and is it not

[Wallace v. Board of Revenue of Jefferson County *et al.*]

imperative that upon an inspection of the journals the courts shall see that a notice containing the substance of the proposed law was published for the required time? As said in *Jones v. Hutchinson,* 43 Ala. 721-724: "It is undeniably true that a bill becomes a law only when it has gone through all the forms made necessary by the constitution to give it force and validity," and the journals must show full compliance with all constitutional requirements.—Cooley's Constitutional Limitations, (7th ed.) 195; *Cohn v. Kingsley,* 38 L. R. A. 74; *Wilson v. Duncan,* 114 Ala. 659-668; *Montg. Bottling Works v. Gaston,* 126 Ala. 425; *Perry County v. Selma R. R.,* 58 Ala. 546.

POWELL & BLACKBURN, STERLING A. WOOD, SAMUEL WILL JOHN and RICHARD H. FRIES, *contra.*—The consolidated court, which was established by the act of the legislature in question, being the lawful successor of the constitutional courts theretofore established, must be considered as a constitutional court, which the constitution requires the legislature to put into operation; and being a part of the judicial machinery of the State is and must be taken as general legislation, and the act, therefore, consolidating said courts is and was a general act. Being a general act no notice and proof of publication was necessary.—See *Sanders v. State,* 55 Ala. 42.

But if the act should be construed as being one requiring notice and proof of publication, we contend that the legislature and not the courts is the proper one to pass upon the sufficiency of such notice and whether or not an act is a private, local or general act within the meaning of section 110 of the constitution. The matter of notice and proof is a jurisdictional fact and when same accompanies a bill, this gives the legislature jurisdiction, and all the courts can possibly do is to inquire of the journals of each house to ascertain whether or not it affirmatively appears therefrom that proof by affidavit was given and the act passed in accordance with the provisions of section 106. The fact that notice and proof accompanied the introduction of the bill does not make or treat such bill as a local or special bill. The legisla-

ture may in its judgment determine such a bill as a general bill and may proceed to pass it, notwithstanding the fact that the notice accompanying same may be conceded fatally defective. By reference to the consolidated court bill it will be seen that the consolidated court is one of general jurisdiction, possessing all the powers and authority exercised by the several circuit and chancery courts of the State; its jurisdiction is co-extensive with the State; its writs and branch summonses reach every county in the State; every citizen of the State may litigate therein. The legislature, therefore, may well have ignored the notice altogether and treated and passed said bill as being a general bill. Its conclusion and judgment in the matter is final and not open to investigation by the courts. In passing upon the judgment and discretion of the legislature in enacting laws this court said in the case of *Jones v. Jones,* 95 Ala. 450, that "the legislature owes equal obedience to each of the clauses of this section of the constitution; but such obedience cannot be effectively enforced by the courts in the one case as in the other. There is a marked difference between the two clauses. This court has held that under the first clause a discretion is necessarily left to the legislature to determine whether the particular object or want can be provided for by a general law; and that the exercise of such discretion cannot be revised by the courts.—*Clark v. Jack,* 60 Ala. 271."

So then we insist that the act in question was passed by the legislature as a general bill, and their action in the matter is conclusive. But should the bill be treated as a local bill we insist that the notice published comes up to the full requirements of section 106 of the constitution. The object of the notice of publication required in section 106 is for the sole purpose of putting the public on guard, and notice that there will be attempted legislation on the subject matter named in order that any one feeling interest might appear and take such action before the legislature as he might deem proper. It was not the intention of the framers of the constitution to require the details of the proposed legislation to be set out. The notice and proof in this case is unlike that

given in the case of *J. C. Kumpe v. J. M. Irwin* in M. S. present term, in which Judge HARALSON for the court, says: "So far as the notice itself is concerned, without more, if it had been shown to the legislature by proof such as is required by said section of the constitution, it would perhaps have been sufficient. But, the requisite proof was not made." In case at bar the notice is given and the proof by affidavit is full, ample and sufficient and not subject to the discrepancies pointed out in the notice in *Kumpe v. Irwin, supra.* A section similar to 106 in our constitution appears in the constitution of the State of Louisiana, and the Supreme Court of that State has had occasion to pass upon same and we simply refer to same without comment.—*Louisiana v. Dalon,* 35 La. Ann. 1141; 17 So. Rep. 132; 104 Mo. 459; *Clark v. Jack,* 60 Ala. 279.

Concerning the question of notice of an intention to apply for passage of a local law, the former decisions of this State are instructive as indicating the necessity of the constitutional requirements, as it at present exists. As we understand it, this necessity arose from the fact that the legislature passed bills upon local matters where notice was required, but of which no notice had been given; the decision of our court being that the legislature was the sole judge of the question of whether or not notice had been given. Some of these cases which hold the above rule are the following: *Harrison v. Gordy,* 57 Ala. 49; *Walker v. Griffith,* 60 Ala. 361; *Hall v. Steele,* 82 Ala. 562, 2 South. 650; *Jennings v. Russell,* 92 Ala. 603, 9 South. 421.

The following decisions from Louisiana bear upon the subject, and the special attention of this court is invited to them: *Excelsior Planting & Mfg. Co. v. Green,* 39 La. Ann. 455, 1 South. 873; *Fisher v. Steele,* 39 La. Ann. 1007, 11 South. 816; *State v. Veeder,* 44 La. Ann. 1007; 11 South. 816; *State v. Murray,* 47 La. Ann. 1424, 17 South. 832. These cases are each confirmatory of the position taken by the Supreme Court of Louisiana in the case already quoted, that of *State v. Dalon,* 35 La. Ann. 1142, and each drives home the position contended for here—that the law in question is a general one, and not a local one.

32

HARALSON, J.—The legislature passed an act, approved October 9, 1903, (Acts, 1903, p. 745), entitled "An act To consolidate the 'city court of Birmingham,' the 'Circuit court of Jefferson county,' the 'Criminal court of Jefferson county,' and the 'Chancery court of Jefferson county,' into one court to be known as the 'Circuit Court of Jefferson County,' with a sufficient number of judges for the transaction of the business of such consolidated court, as provided by section 148 of the Constitution of Alabama."

Said section 148 of the Constitution provides: "The Legislature may confer upon the Circuit Court or the Chancery Court the jurisdiction of both of said courts. In counties having two or more courts of record, the Legislature may provide for the consolidation of all or any such courts of record, except the Probate Court, with or without separate divisions, and a sufficient number of judges for the transaction of the business of such consolidated court."

The constitutionality of the law consolidating said courts, is here questioned on several grounds set forth in the bill, which is demurred to on many grounds.

The main contention of the complaint is, that the Consolidated Court Act is a local law, within the express definitions contained in section 110 of the Constitution, and this being true, it could not be constitutionally passed without the compliance with the provisions of section 106 in respect of the sufficiency of notice.

Said section 110 declares: "A general law within the meaning of this article is a law which applies to the whole State; a local law is a law which applies to any political subdivision or subdivisions of the State less than the whole; a special or private law within the meaning of this article is one which applies to an individual, association or corporation."

Section 106 provides: "No special, private or local law shall be passed on any subject not enumerated in section 104 of this Constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall have been published, without cost to the State, in the county or counties

where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law, and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties, or if there is no newspaper published therein, then by posting the said notice for four consecutive weeks at five different places in the county or counties prior to the introduction of the bill; and proof by affidavit that said notice has been given shall be exhibited to each house of the legislature, and said proof spread upon the Journal. The courts shall pronounce void every special, private or local law which the Journals do not affirmatively show was passed in accordance with the provisions of this section."

If the statute were a general law, within the definition of the Constitution, no notice was required, although one was given in an apparent effort to comply with the requirements of the Constitution in respect to local laws. It is manifest from what occurred, that the promoters of this scheme for consolidating the courts, thought, at the time, that the act was local legislation, or that it might be declared to be such, and out of caution, at least, they proceeded upon the presumption that it was local legislation, and if so, that the notice they gave answered the constitutional requirement.

That this act is a local and not a general law, under the definition of the Constitution, is so manifest, as to make it difficult to bring forward a plausible suggestion to the contrary: "When language (in a constitution or statute) is not only plain, but admits of but one meaning, the task of interpretation can hardly be said to arise. * * * It is not allowable to interpret what needs no interpretation."—*Parks v. State,* 100 Ala. 653; *Robertson v. McGough,* 118 Ala. 166.

It would seem, when the term, "a general law," is employed, it would be understood, without extrinsic aid, to mean a law which applies to the whole State and not to any subdivision of the State, less than the whole. Prior to the adoption of said section 110, this court stated a mere truism when it said: "Every general law is necessarily a public law, but every public law, as defined, is

not a general law. A 'general law,' as used in our constitution is a law which operates throughout the State, alike upon all the people or all of a class.    *    *    *    *
Any law affecting the public within the limits of the county, or community, would be a public law, though not a general law, within the meaning of the Constitution." *Holt v. Mayor,* 111 Ala. 373. If every public law is to be regarded as a general law, it would be difficult to conceive of a local law that was not general. Every local law affects the public within the limits it is designed to operate, but it does not apply to the whole State.

The framers of the Constitution deemed it wise to place in the fundamental law, the definition of general and local laws, such as had been given previously by the court.

The Act we consider is one of 33 sections, dealing exclusively with courts and their procedure, having reference to the conveniences of the people of Jefferson county and economy in the administration of justice therein. The Act is public, it is true, but local in effect, and not general in its application to the people of the whole State. No one outside of the county who does not bring himself within its influence is affected by it. If a part of the judicial machinery of the State, it cannot, on that account, as urged, be held to be a general and not a local act. If so, any act dealing with courts and their procedure, such as fixing the time for their holding; the acts establishing the different city courts of the State; the regulation of trials of misdemeanors in county courts, and the transfer of misdemeanor causes from the circuit to the county courts, would be general laws. These have been uniformly treated as local and not general laws. *Lancaster v. Gafford,* 37 So. Rep. 108; *Kumpe v. Irwin,* 36 So. Rep. 1024; *Morrow v. Earle,* 122 Ala. 130. Moreover, the Constitution itself in the section providing for notice, recognizes a law fixing the time for holding courts as a local law.—Con. (1901) § 106.

Being a local act, it could not be constitutionally passed without a compliance with the requirements of section 106, as to notice and proof of notice. This notice by that section "shall state the substance of the proposed

law," and be published as specified therein, proof of which notice, as required, "shall be exhibited to each house of the legislature," and spread upon the Journal, and "the court shall pronounce void every special, private or local law which the Journals do not affirmatively show was passed in accordance with the provisions of this section."

This notice, as is seen, is required not only to be published for the length of time, and in the manner specified, and proof thereon made to each house of the legislature, and spread upon the journals, but it is also required to *"state the substance of the proposed law."*

The notice given in this instance was as follows: "Notice is hereby given of the intention to apply to the legislature of Alabama for the passage of an act, the substance of which will be to consolidate the city court of Birmingham, the circuit court of Jefferson county, the criminal court of Jefferson county and the chancery court of Jefferson county, into one court with all the powers and jurisdiction now exercised by the courts so consolidated, as well as other powers and jurisdiction, and to provide for clerks of said court and their fees."

Section 24, Art. IV of the former Constitution, for which said section 106 is a substitute, provides for a notice to be given of an intention to apply for the passage of a local law, but did not provide what the notice should contain; and simply provided, as to proof, that the evidence of such notice having been given should be exhibited to the legislature, before such bill should be passed. It was silent as to what the journals should show.

It was held, in construction of this section, that it was not necessary for the legislative journals to show that notice of an intention to apply for the passage of a local law, was given, and that the courts would presume it was given, unless the journals affirmatively showed to the contrary.—*Clark v. Jack,* 60 Ala. 271; *Harrison v. Gordy,* 57 Ala. 49.

It turned out, as is well known, that this provision of the constitution became almost a dead letter, and local legislation in many instances was passed without the required notice. This, it was believed, was a great and

growing evil, which needed correction, and it was for corrective purposes that said section 106 was ordained. It was always supposed that the people to be immediately affected by local legislation, ought to have notice of an intention on the part of any one desiring to apply to the legislature for such legislation, which was often sought for private and improper ends, and not for the good of the people at large. Any notice, therefore, which falls short of advising the public of the substance of such legislation, would be deceptive or misleading, depriving those opposed to it, of a fair opportunity to protest against and oppose its enactment.

The word "substance" as employed in the section cannot be said to be synonymous with "subject" or mere purpose. It means "the essential or material part, essence, abstract, compendium, meaning."—Worcester's Dict.

Referring to the debate in the constitutional convention on the section,—as is proper for the sake of interpretation,—it appears that before the motion was put to adopt it, a member arose and stated, "Before that motion is put, I would like to ask the chairman of the committee, if the substance of the proposed law means that the law itself, in substance, shall be published, or that the purpose of the proposed law be published. Would it not be better to strike out 'the substance,' and insert 'the purpose?'"

The chairman replied: "The committee did not desire that the community should be misled as to the purpose of the law, and sometimes the caption of the law is very misleading, and it was to obviate advantage being taken of the public in the matter, that it was written as it is." The section was then adopted.—Official Report, 41st day. From this it would seem, that it was intended that the essential or material part, the essence, the meaning or an abstract or compendium of the law, was to be given, and not its mere purpose or subject.

The title of a bill may give notice of its substance, but most often it does not. The title may be very general, and when the subject is expressed in general terms, everything that is referable and cognate to the subject ex-

pressed, may be included in the bill, without offense to that provision which requires that every law shall contain but one subject which shall be clearly expressed in the title. The subject, therefore, may be expressed in the title of a bill, but the substance is not required there to appear. In other words, there is a wide difference in legislative language, in the meaning of the words, substance and subject, when applied to a bill. In *Falconer v. Robinson*, 46 Ala. 347, the distinction between the two words was well pointed out by PECK, C. J., in respect to the title of an act to authorize the governor to fill vacancies in certain county offices, when he said: "The subject of this law is, by whom vacancies in certain county offices shall be filled. The title clearly expresses this: they are to be filled by the governor. But, it is said, you can not tell by this title what particular county offices are to be filled by him. This is true, but the title is not the place for that to be expressed; that is a part of the matter and substance of the law, and the body of the law, and not the title, is the appropriate place to express it. To require it to be expressed in the title, would be to require the title to express, not only the subject, but also the matter and substance of the law." This fully answers the suggestion, that the notice here shown to have been given gave substantially the title to the act, and was therefore, sufficient. If that were conceded, it fell far short of giving its substance. Indeed, the notice itself states that it was given of an intention to apply for the passage of an act to consolidate certain courts into one court, with all the powers and jurisdiction now exercised by the courts so consolidated, "as well as other powers and jurisdiction,"—not expressed in the notice.

As before stated, the act is a lengthy one, containing 33 sections. It provides for additional judges, increase of salaries, contains many provisions in respect to the necessary clerks and their pay and all the many supposed necessary details touching the organization and procedure, of said consolidated court. From reading the title of the act and the notice given of an intention to apply for its passage, one would form but a faint conception of the substance of the act. While we would not

hold that the bill itself, should have been published in the notice, we are clear that its essential and material parts, its essence, or an abstract or compendium of its substance, such as would give the people fair information of what it was, should have been published, as required by said section.

It has been said that while notice of the intention to apply therefor, as required by said section, and that while proof of said notice should likewise have been made and spread on the legislative journals of each house, the sufficiency of such notice and the proof of it was a question for the legislature and not the courts to pass upon. The misfortune with this contention is, that said section provides that, "The courts shall pronounce void every special, private or local law which the Journals do not affirmatively show was passed in accordance with the provisions of this section." This provision must be abrogated and set aside, if the courts are not required to determine the question whether said act was passed in accordance with the provisions of said section.

It thus appears that the act was local, and no sufficient notice of the intention to apply for its passage was given and published, and proof thereof exhibited to each house of the legislature and spread upon the journal, as required by said section 106 of the constitution.

It is unnecessary to consider other questions raised against the constitutionality of said act.

The decree will be reversed, and one will be here rendered overruling the demurrer to the bill.

Reversed and rendered.