# Brame *v.* The State.

*Selling Liquor Without a License.*

(Decided June 30, 1905.  38 So. Rep. 1031.)

1. *Statutes; Constitution; Local Acts; Notice of Application; Sufficiency.*—Under Sec. 106, Constitution 1901, a notice "that there will be a petition before the next Legislature to repeal the prohibition law of the Linden beat (Acts 1880-81, p. 148)" is not sufficient to authorize the Legislature to pass an act re-

[Brame v. The State.]

pealing the acts referred to in the notice so far as the same
applies to "the corporate limits of the town of Linden."

2. *Intoxicating Liquors; Prohibition District; Illegal Sale; License
as a Defense.*—In a district wherein the sale of liquor is pro-
hibited by law a liquor license issued by the proper authori-
ties affords no protection for the sale of liquor in such terri-
tory.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN C. ANDERSON.

The defendant was indicted and convicted for unlaw-
fully selling liquor within eight miles of the courthouse
in Marengo county, Alabama. On the trial it was ad-
mitted that the defendant was engaged in the business
of retailing spirituous, vinous or malt liquors within
the corporate limits of the town of Linden; that said de-
fendant was conducting said business under a state and
county license issued to him by the judge of probate of
Marengo county; that said license was valid, unless the
same was void on account of being carried on within a
prohibited district. The acts of the legislature, so far
as they are applicable to this case are sufficiently set out
in the opinion. The defendant requested the affirmative
charge which the court declined to give. The affirmative
charge with hypothesis was given for the state, and these
constitute the assignments of error.

ABRAHAM & SIMON, for appellant.

MASSEY WILSON, Attorney General, and W. C. HARRI-
SON, for the State.

DENSON, J.—During the session of 1880-81, of the
General Assembly, an act was passed which prohibited
the sale, giving away, or otherwise disposing of vinous,
spirituous, or malt liquors, or intoxicating bitters at or
within certain localities in the state, which were partic-
ularly designated in the act. The locality involved in
this case was designated in the act as follows: "At or
within eight miles of the courthouse in the town of Lin-
den, Marengo county." The act embraced numerous
localities in different parts of the state and is of that

character of legislation which is generally known in legislative nonclature as an "omnibus prohibition law." It was approved Feb. 28, 1881, and can be found at p. 148 of the Acts of 1880-81. The defendant was indicted under this act for selling vinous, spirituous, or malt liquors at or within eight miles of the courthouse in the town of Linden, Marengo county. The defendant contends that the act of Feb. 28, 1881, above referred to, was repealed, so far as it applied to the territory within the corporate limits of the town of Linden, by an act of the legislature approved Sept. 26, 1903, entitled "An Act to repeal an act to prohibit the sale, giving away or otherwise disposing of spirituous, vinous, or malt liquors, or intoxicating bitters at or within certain localities in this state therein designated, to-wit: 'at or within eight miles of the courthouse in the town of Linden, in Marengo county' and various other places, approved Feb. 28, 1881." The reply of the state to the contention is that the repealing act was enacted in violation of section 106 of the Constitution, and that it also offends against section 45 of that instrument. The bill which was the basis of the repealing act was introduced in the House of Representatives on the 11th day of February, 1903, and was referred to the committee on temperance. That committee reported the bill to the House favorably on the 28th day of February, 1903. On September 15, 1903, the bill was amended in the House by adding thereto a proviso in the following language, namely: "Provided the repeal of this act shall apply only to the corporate limits of the town of Linden, Marengo county, Alabama, as now established or as may be hereafter established by law." The bill as amended became the law as it now stands in the Local Acts of the Legislature, 1903, page 365. The following is the notice of the intention to apply for the passage of the law, which was published and which accompanied the bill on its introduction as shown by the house journal: "Notice is hereby given that there will be a petition before the next Legislature to repeal the prohibition law for Linden beat. (Signed) Many Citizens." Here we have a notice which advises the people of the territory to be affected

that there would be a petition before the Legislature to repeal the prohibition law for Linden beat, followed by an enactment which repealed the law only as to a part of the beat. Passing out of view the inaccurate verbiage of the notice, we are of the opinion that the notice was wholly insufficient to advise the people residing within the territory to be affected by the law that the repeal would apply only to the territory of the beat embraced in the corporate limits of the town of Linden. The proviso is the very substance of the enactment and it is not to be found in the notice. Moreover, the proviso wrought a radical change in the bill as introduced and the enactment.- The bill as introduced, if it had been en. acted into law, would have repealed the prohibition law throughout Linden beat, but the effect of the amendment was to repeal the law only as to the territory within the corporate limits of the town of Linden, while it left it intact as to that portion of Linden beat lying without the corporate limits of the town. The purpose for requiring the notice was that the people might be informed of the character of the legislation that would be applied for, and, being informed, that they might resist it if they desired to do so. It may be that the people were willing that the law should be repealed as to the entire beat, but not willing to limit the repeal to the town. If they were willing to the repeal as to the entire beat, the notice published would, upon being read, have given them no concern whatever, the law proposed would have been in accord with their views, but to the contrary if the notice published had confined the repealing act to the limits of Linden town. To give judicial sanction to such a change as is found in this case in the law which the notice advised the people would be applied for and the one really enacted would rob the people of the beneficient results which no doubt the framers of the Constitution contemplated would flow from an observance of section 106 of the Constitution. The substance of the repealing act was not embraced in the notice, and it must be condemned as having been enacted in violation of section 106 of the Constitution.—*Alford v. Hicks,* 142 Ala. 355, 38 So. Rep. 752; *State, ex rel.*

[Mills v. The State.]

*Attorney General v. D. W. Speake, Judge,* 142 Ala. 87, 38 So. Rep. 835. The repealing law being invalid, under the agreed statement of facts the court properly gave the affirmative charge requested by the state and refused that requested by the defendant. The license afforded no protection to the defendant.—*Russell v. The State,* 77 Ala. 89.

The judgment of the circuit court is affirmed.

McCLELLAN, C. J., and HARALSON and DOWDELL, JJ., concur.