# Mayor, etc. of Ensley *v*. Cohn.

*Action for Violating City License Ordinance.*

(Decided Jan. 15th, 1907.　42 So. Rep. 827.)

1. *Statutes; Titles of Act; Constitutional Requirement.*—The title of the act was: "An act to amend Section 1 of an act entitled 'An act to amend Section 1 of an act entitled an act to establish a new charter for the city of E.'" Held, a sufficient compliance with Section 45 of the Constitution of 1901.

2. *Same; Local Laws; Notice of Intention to Apply For; Sufficiency.*—Notice in this case examined, and it is held that the substance of the proposed law, which was the altering or rearranging of the boundaries of the city, was sufficiently set forth in the notice, and the act is valid, although the notice stated the proposed territorial lines which were not followed, but were changed in the act as passed.

3. *Same; Validity; Partial Invalidity.*—Where part of an act which is objectionable on constitutional ground, can be eliminated without affecting the purpose of the act, or its integrity, it will be done, and the valid and unobjectionable part be permitted to stand.

4. *Licenses; Municipal Corporation; Incorporation under Special Act.*—The general acts of incorporation has no application to a case of a violation of the city ordinance for carrying on business without license, where the city was incorporated by special act of the legislature.

APPEAL from Jefferson Criminal Court.

Heard before Hon. M. M. BALDWIN.

Action by the mayor and city council of Ensley against T. A. Cohn for the violation of a city ordinance

prohibiting the carrying on of any licensed business without such license. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

This case was tried upon the following agreed statements of facts: "That said defendant did engage in a business in Tuxedo Park during June and July, 1905, for which a license was required by the ordinance of said city of Ensley, without having taken out a license therefor from the said city of Ensley, as charged by said mayor and city council of Ensley. That the said place in which defendant so engaged in said business is in territory included and embraced in each of two acts of the Legislature of Alabama described as follows, viz: (1) 'An act entitled "An act to amend section 1 of an act entitled 'An act to establish a new charter for the city of Ensley in Jefferson county, Alabama,' " approved February 28, 1903' (Loc. Acts 1903, p. 107) ; and (2) an act entitled 'An act to alter or rearrange the boundaries of the city of Ensley, Jefferson county, Alabama,' approved September 30, 1903 (Id. p. 692.) That neither of said acts change the police jurisdiction of the city of Ensley relative to the railroad property described therein. That no railroad property was included in the territory embraced in said act of February 28, 1903. That the lines published in the notice of said February act embrace Sherman Heights, Nineteenth street, and several hundred acres, none of which was included in the said act of February 28, 1903. That said place in which defendant so engaged in business was not in the corporate limits of the city of Ensley prior to said February act. That the following ordinance of the city of Ensley, Alabama, was in force and operation at the time defendant so engaged in said business as aforesaid. That, if either of the above described acts, approved, respectivelly, February 28, 1903, and September 30, 1903, are constitutional, defendant is guilty as charged; but, if both of said acts are unconstitutional and void, then defendant is not guilty. Code of Ensley, Alabama, c. 4, § 601: 'Engaging in or Carrying on Business Without out a License.—No person, firm, or corporation shall after the 10th of January in any year engage in or carry on in the city any business for which a license is

required, unless licensed. And any person violating any of the provisions of this section must upon conviction be fined not less than one nor more than one hundred dollars.' " This was an action by the city of Ensley against the defendant for the violation of the city ordinance for doing business without procuring license therefor in the corporate limits of the city of Ensley.

ROMAINE BOYD, for appellant.—The court erred in its judgment holding that the act of Feb. 1903, was unconstitutional. This holding is based upon the facts that the advertised notice of intention to apply did not conform substantially to the provisions of the act as passed· It is only a clear violation of the Constitution which would justify the court in overruling the legislative will. Every intendment is in favor of the validity of the act.—*State ex rel. Hanna v. Tunstall,* 40 South. 135; *Mobile Dry Dock Co. v. Mobile,* 40 South. 205; Cooley's Const. Limitations (6th Ed.) 318. The construction must not be strict.—*State ex rel. v. Street,* 117 Ala. 207. The notice was sufficient.—*Law v. The State,* 38 South. 800; *Ex parte Black,* 40 South. 133; *State ex rel. Covington v. Thompson,* 38 South. 579; *Brame v. The State,* 38 South. 1031. The act of September, 1903, is not subject to the objections urged.—*Law v. The State, supra.*

A. LEO OBERDORFER, for appellee.—The act of Feb. 28, 1903, (Local Acts 1903, p. 107) is violative of section 45 of the Constitution of 1901. It is also violative of section 104, subsection 118 of the Constitution of 1901. It is violative of section 106 of the Constitution of 1901, as the notice is not sufficient.—*Hudgins v. The State,* 39 South. 717; *Brame v. The State,* 39 South. 1031; *Lancaster v. Gafford,* 139 Ala. 372; *Tillman v. Porter,* 38 South. 647; *Alford v. Hicks,* 38 South. 752.

DOWDELL, J.—This case was tried in the court below on an agreed statement of facts. The question presented for our consideration involves the constitutionality of two acts of the Legislature, viz: (1) "An act to amend section 1 of an act approved March 2, 1901, entitled 'An act to amend section 1 of an act entitled

"An act to establish a new charter for the city of Ensley in Jefferson county, Alabama," ' " approved February 28, 1903. Loc. Acts 1903, p. 107. (2) An act entitled "An act to alter or rearrange the boundaries of the city of Ensley, Jefferson county, Alabama," approved September 30, 1903. Loc. Acts 1903, p. 692. By the agreed statements of facts it is admitted "that if either of the above-specified acts, approved, respectively, February 28, 1903, and September 30, 1903, is constitutional, defendant is guilty as charged; but, if both of said acts are unconstitutional and void, then the defendant is not guilty."

The first objection raised to the act of February 28, 1903, relates to the title. It is insisted that in this respect the act is violative of section 45 of the Constitution, which provides that "each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a Code, digest or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length." The subject expressed in the title of the act in question is to amend section 1 of a former act, specified in the title. This has been repeatedly held by this court to be a sufficient compliance with, and not violative of, the constitutional provision. Section 1 of the act approved March 2, 1901 (Acts 1900-01, p. 1940), proposed to be amended by the act approved February 28, 1903, relates solely and exclusively to the territorial limits and boundary of the city of Ensley. Section 104 of the Constitution of 1903 provides: "The Legislature shall not pass a special, private, or local law in any of the following cases." Then follows an enumeration of 31 cases, numbered in subdivisions from 1 to 31, inclusive. Subdivision numbered 18 reads as follows: "Amending, conferring or extending the charter of any private or municipal corporation, or remitting the forfeiture thereof; provided, shall not prohibit the Legislature from altering or rearranging the boundaries of any city, town, or village." It is plain, from the proviso contain-

ed in the foregoing subdivision 18, that it is left within legislative power to alter or rearrange the boundaries of any city, town or village.

The next question is whether the act in question is invalid by reason of a failure to comply with the provisions of section 106 in reference to the publication of notice of the intention to apply for the passage of the act. It is insisted that the territorial boundaries of the city of Ensley contained in the act as passed are not the same, but different from the boundaries contained in the published notice of the intention to apply for the act, and for this reason it is urged that no notice was given of an intention to apply for the act as passed, and that therefore there was a failure to comply with the requirements of section 106. In construing section 106 in connection with sections 104 and 105, it may be questioned whether, in cases of the altering or rearranging the boundaries of any city, town, or village, notice is required to be given of an intention to apply for the passage of such a law. But the necessities of the present case do not require us to decide this question. The substance of the proposed law in the present case is the altering or rearranging of the boundaries of the city. This was contained in the published notice of the intention to apply 'for the passage of the act, and, conceding that it was necessary to give the notice as required in section 106 of the Constitution, this would have been sufficient, without giving in minute detail and particularly the course and bearings of the boundary line. What was said, and the principle there stated, in *Law v. State*, 142 Ala. 62, 38 South. 798, finds ready application here. There can be no distinction in principle in the two cases on the question under consideration. See, also, *Ex parte Black*, 144 Ala. 1, 40 South. 133. The published notice having given the substance of the proposed law—the altering or rearranging of the boundaries of the city of Ensley—the fact that notice was also given of the proposed territorial lines, which were not followed, but were changed in the act as passed, does not invalidate the act or affect the principle above stated, since the fact remains that the notice given contained the substance of the law as enacted. The foregoing

[Mayor, etc. of Ensley v. Cohn.]

views are not in conflict with the decision in the case of *Brame v. State,* (Ala.) 38 South. 1031. The facts in that case readily differentiate it from the case before us.

The bill as passed did not include in the city limits the railroad mentioned in the advertised notice. The proviso at the conclusion of section 1 of the act, in reference to the taxation of the railroads mentioned therein, is without any field of operation, since in the act as passed these railroads are not within the city limtis, and may, therefore, be stricken out without affecting the main purposes of the act or its integrity. The rule is well settled that whenever a part of an act, objectionable on constitutional grounds, can be eliminated without affecting the purpose of the act or its integrity as a whole, this will be done, and the valid and unobjectionable part be permitted to stand. Such is the case here. The provision in the act in reference to the railroads can be eliminated and the balance permitted to stand without in the slightest affecting the integrity of the act as a whole.

The city of Ensley was incorporated by special act of the Legislature, and not under the general statute relating to the incorporation of towns, etc.; and hence the general statute has no application in this case.

The foregoing views bring us to the conclusion that the act of February 28, 1903, is free from constitutional objections, and, therefore, a valid law; and, under the agreed statement of facts, this conclusion renders it unnecessary to the determination of this case to consider the constitutionality of the act of September 30, 1903. It follows that the judgment must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.