179 So. 815

### SHADES VALLEY LAND CO. v. CITY OF HOMEWOOD.

#### 6 Div. 171.

Supreme Court of Alabama.

Jan. 13, 1938.

Rehearing Denied March 17, 1938.

Irvine C. Porter, of Birmingham, for appellant.

John T. Batten, of Birmingham, for appellee.

ANDERSON, Chief Justice.

Bill filed to vacate or nullify a certain assessment made against certain lots of the appellant by the appellee, the City of Homewood, and to stop the sale of said lots to satisfy the claimed lien of the city because the assessments are void in that the said lots were not legally within the corporate limits of the appellee or its jurisdiction upon the idea that the act of 1927, the Simpson Act, Loc.Acts 1927, p. 319, violates section 106 of the Constitution of 1901.

It is urged that the said Simpson Act violates section 106 of the Constitution of 1901 in that the act was amended before final passage by a change of the boundaries as set out in the notice by the elimination of a small portion of the territory as contained in the notice, and reliance is had upon the case of Brame v. State, 148 Ala. 629, 38 So. 1031. We think this act falls within the influence of the case of Mayor, etc., of Ensley v. Cohn, 149 Ala. 316, 42 So. 827, 829, wherein there was a differentiation from the Brame Case, supra. Quoting from said Mayor, etc., of Ensley v. Cohn, supra; "The published notice having given the substance of the proposed law—the altering or rearranging of the boundaries of the city of Ensley— the fact that notice was also given of the proposed territorial lines, which were not followed, but were changed in the act as passed, does not invalidate the act or affect the principle above stated, since the fact remains that notice given contained the substance of the law as enacted. The foregoing views are not in conflict with the decision in the case of Brame v. State, [148 Ala. 629], 38 So. 1031. The facts in that case readily differentiate it from the case before us."

This Mayor, etc., of Ensley v. Cohn Case, supra, has been repeatedly cited and approved by the decisions of this court. Christian v. State, 171 Ala. 52, 54 So. 1001, 1002; McGehee v. State ex rel. Tate, 199

464

Ala. 287, 74 So. 374, and many other cases.

In the Christian Case, supra, it is said, in discussing section 106 of the Constitution: "The Constitution does not proceed upon the theory that all the details of every proposed law should be worked out in advance and without the aid of legislative wisdom. It requires only that the local public shall be advised of the substance of the proposed law, of its characteristic and essential provisions, of its most important features." We therefore hold that the Simpson Act does not violate section 106 of the Constitution.

The statutes considered in the cases of Tucker et al. v. State ex rel. Poole, 231 Ala. 350, 165 So. 249, and Commissioner's Court of Winston County v. State ex rel. County Highway Commission, 224 Ala. 247, 139 So. 356, are different from the one here involved and there is nothing in the opinions in said cases opposed to the present holding.

The trial court did not err in sustaining the demurrer to the bill of complaint as last amended, and the decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

On Application for Rehearing.

ANDERSON, Chief Justice.

■ In resting the opinion almost entirely upon the case of Mayor, etc., of Ensley v. Cohn, 149. Ala. 316, 42 So. 827, and many cases approving same, we overlooked the more recent case of First National Bank of Eutaw v. Smith, 217 Ala. 482, 117 So. 38, wherein said Ensley Case was criticized. We think the criticism as to the misapplication of the law in that case went to the broad statement that, when the notice gave the details of the proposed act and not the mere general substance of same, the Legislature had the right to make any changes as to the details, whether important or material or not, in the passage of the act. so long as they related to the general purpose or substance of the published notice. This was perhaps a proper statement when only the general substance was set out in the notice, but said statement was too broad when the notice set out the proposed bill in haec verba or gave the details of same. The true rule seems to have been properly stated in the case of State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36, wherein a distinction is made when the notice merely gives the general substance of the proposed bill from one which sets out the proposed bill, as was done in this case. See, also, Gray v. Johnson, Ala. Sup., 179 So. 221.[1] In the former the Legislature could make any reasonable changes which related to the general purpose or substance of the notice. In the latter no material change could be made from the published notice, notwithstanding the change may be within the substance or purpose of the proposed enactment. This case of State ex rel. Wilkinson v. Allen, supra, does permit changes from the notice provided they are not material, such as was sanctioned in the case of Houston County v. Covington et al., 233 Ala. 606, 172 So. 882, wherein there was no change as to the amount or purpose of the appropriation, the change merely authorizing the governing authorities of the municipality to apply its part of the funds to such roads, streets or bridges as they see fit. Therefore, the change was not material and which differentiated said case from the case of First National Bank of Eutaw v. Smith, supra, wherein the change of the act from the notice devoted the whole fund for a certain purpose, when the notice stated that only a portion of the fund would be devoted to said purpose.

■ As to the present act, there was a change in the boundary lines as set out in the notice by the elimination of a small portion of the territory as described in the notice. Whether the elimination of this territory was material or not, the bill of complaint as amended fails to set out the facts which may show the importance or materiality of the change and was subject to the respondent's demurrer, grounds 38, 40 and 41.

The trial court did not err in sustaining the demurrer to the bill, and the application for rehearing is denied.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

_____
[1] Ante, p. 405.