41 So.2d 266

### OPINION OF THE JUSTICES.
### No. 97.

Supreme Court of Alabama.
June 9, 1949.

Opinion of the Justices of the Supreme Court in response to questions propounded by the House of Representatives under Code 1940, Tit. 13, § 34, as to the validity of a local act, relating to the Board of Revenue of Colbert County.

Question answered.

362

H.R. 52—By Mr. Coburn.

Be it resolved by the House of Representatives:

The written opinion of the Justices of the Supreme Court relative to the following important constitutional question is respectfully requested:

## Facts

H. B. 333, which relates to Colbert County, is pending before the House. Section 3 of said bill as advertised and introduced is in words and figures as follows:

"Section 3. A. H. Horton is hereby designated, declared and appointed from the Northeast District to become a member of the Board of Revenue from said district. His term of office shall begin on the effective date of this Act and he shall continue to hold office until his successor is elected in the general election of 1952 and is thereafter qualified. J. O. Mayfield is hereby designated, declared, and appointed from the Northwest District to become a member of the Board of Revenue from said district. His term of office shall begin on the effective date of this Act and he shall continue to hold office until his successor is elected in the general election of 1952 and is thereafter qualified. Earl Waldrep is hereby designated, declared and appointed from the Southwest District to become a member of the Board of Revenue from said district. His term of office shall begin on the effective date of this Act and he shall continue to hold office until his successor is elected in the general election of 1952 and is thereafter qualified. Wilburn Prater is hereby designated, declared and appointed from the Southeast District to become a member of the Board of Revenue from said district. His term of office shall begin on the effective date of this Act and he shall continue to hold office until his successor is elected in the general election of 1952 and is thereafter qualified. The Governor shall appoint a qualified resident of Colbert County to serve as chairman and fifth member of the Board. The term of the person appointed as chairman of the Board shall begin on the effective date of this Act and he shall continue to hold office until his successor is elected in the general election of 1950 and is thereafter qualified."

It is proposed to amend Section 3 of said bill by striking out the last two sentences of said section and inserting in lieu thereof the following words and figures:

"Morris Gresham Hale is hereby designated and declared to be the fifth member and chairman of said Board of Revenue. His term shall begin on the effective date of this Act, and he shall serve until his successor is elected at the general election of 1950 and is thereafter qualified."

## Question

Will the adoption of the proposed amendment to Section 3 of the bill as advertised contravene the provisions of Section 106 of the Constitution?

To the Alabama House of Representatives,

Montgomery, Alabama.

Sirs:

█ We beg to advise that it is our opinion that an amendment striking from House Bill 333 the words "The Governor shall appoint a qualified resident of Colbert County to serve as Chairman and fifth member of the board. The term of the person appointed as chairman of the board shall begin on the effective date of this Act, and he shall continue to hold office until his successor is elected in the general election of 1950 and is thereafter qualified." And substituting in lieu thereof "Morris Gresham Hale is hereby designated and declared to be the fifth member and chairman of said Board of Revenue. His term shall begin on the effective date of this Act, and he shall serve until his successor is elected at the general election of 1950, and is thereafter qualified," is not such material change in the provisions of the Act as would violate section 106 of the Constitution.

█ "We have drawn a distinction, respecting a compliance with section 106, Constitution, so that when the published notice contains the entire proposed bill, the specification of detail is restricted and no material change of them nor material additions in the bill as passed may be made. State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36; Gray v. Johnson, 235 Ala. 405, 179 So. 221; Shades Valley Land Co. v. Homewood, 235 Ala. 462, 179 So.,

815." Foreman v. Davis, President Court of County Com'rs., 238 Ala. 666 (668), 193 So. 161, 163.

 "A narrow and literal construction would destroy all power of amendment in the legislative process, so that the legislature would be required to accept, if at all, every local bill in the exact terms of its proposal. Not being inclined to hamper legislation unnecessarily, this court has held that the Constitution was not intended to interfere with the right of the Legislature to shape up and work out the details of local legislation. Ensley v. Cohn, 149 Ala. 316, 42 So. 827; State v. Williams, 143 Ala. 501, 39 So. 276; State ex rel. Hanna v. Tunstall, 145 Ala. 477, 40 So. 135." Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839, 842.

Respectfully submitted,

JOEL B. BROWN
ARTHUR B. FOSTER
J. ED. LIVINGSTON
THOMAS S. LAWSON
DAVIS F. STAKELY
Associate Justices