MADDOX, Justice,
dissenting.
I cannot agree with the opinion of the majority of the Justices on this issue.
In Mayor, etc. of Ensley v. Cohn, 149 Ala. 316, 42 So. 827 (1907), this Court considered § 106 just six years after its ratification by the people, and regarding the requirements of local legislation, which in that case, proposed that city limits be altered or rearranged, stated:
“The substance of the proposed law in the present case is the altering or rearranging of the boundaries of the city. This was contained in the published notice of the intention to apply for the passage of the act, and, conceding that it was necessary to give the notice as required in section 106 of the Constitution, this would have been sufficient, without giving in minute detail and particularly the course and bearings of the boundary line. What was said, and the principle there stated, in Law v. State, 142 Ala. 62, 38 South. 798, finds ready application here. There can be no distinction in principle in the two cases on the question under consideration. See, also, Ex parte Black, 144 Ala. 1, 40 South. 133. The published notice having given the substance of the proposed law — the altering or rearranging of the boundaries of the city of Ensley — the fact that notice was also given of the proposed territorial lines, which were not followed, but were changed in the act as passed, does not invalidate the act or affect the principle above stated, since the fact remains that the notice given contained the substance of the law as enacted. The foregoing views are not in conflict with the decision in the case of Brame v. State, (Ala.) [148 Ala. 629] 38 South. 1031. The facts in that case readily differentiate it from the case before us.
“The bill as passed did not include in the city limits the railroad mentioned in the advertised notice. The proviso at the conclusion of section 1 of the act, in reference to the taxation of the railroads mentioned therein, is without any field of operation, since in the act as passed these railroads are not within the city limits, and may, therefore, be stricken out without affecting the main purposes of the act or its integrity. The rule is well settled that whenever a part of an act, objectionable on constitutional grounds, can be eliminated without affecting the purpose of the act or its integrity as a whole, this will be done, and the valid and unobjectionable part be permitted to stand. Such is the case here. The provision in the act in reference to the railroads can be eliminated and the balance permitted to stand without in the slightest affecting the integrity of the act as a whole.”
I am quite aware that the Mayor, etc. of Ensley v. Cohn decision of the Court was criticized in First National Bank of Eutaw v. Smith, 217 Ala. 482, 117 So. 38 (1928); the Court, in one short concluding paragraph, without examination of the constitutional debates, and without erudite justification, did opine:
“We have not overlooked the case of Mayor, etc. of Ensley v. Cohn, 149 Ala. 316, 42 So. 827, where it was held that the advertisement of a bill to alter municipal boundaries, which specified the boundaries proposed to be adopted, could be amended before passage by the specification of materially different boundaries. It will suffice to say that we are convinced the law was misapplied in that case, and we are unwilling to follow it now.”
In Birmingham-Jefferson Civic Center Authority v. Hoadley, [MS. March 19, 1982], - So.2d - (Ala.1982), I did extensive research into the reasons and purposes for § 106, and as I spelled out in my dissent in that case, I thought Mr. Justice Foster’s gratuitous statement in State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36 *279 (1929), that a local bill which gave not only the substance, but also the details, could rarely be amended, was not good law, and certainly was not based on precedent.
I think Mayor, etc. of Ensley v. Cohn, decided, as I have pointed out, almost contemporaneously with the ratification of § 106 of the Constitution, correctly states the true intent of § 106, and that the Justices, in Opinion of the Justices, 252 Ala. 361, 41 So.2d 266 (1949), who cited Mayor, etc. of Ensley v. Cohn, were correct in doing so, because I am of the opinion that the following principle of law therein stated is correct:
“A narrow and literal construction [of § 106] would destroy all power of amendment in the legislative process, so that the legislature would be required to accept, if at all, every local bill in the exact terms of its proposal.”