## The State, *ex rel.* Carter *et al. v.* Price *et al.*

### *Quo Warranto against Persons acting as County Commissioners.*

1. *Quo warranto; nature of proceeding.* — A statutory proceeding in the nature of a *quo warranto* (Rev. Code, §§ 3082–3100), especially when the relator himself claims the office which, as he alleges, the defendant has usurped, is a civil, not a criminal suit; and the relation, or complaint, should set out with reasonable certainty the facts constituting the relator's title, and specify, as far as practicable, the objections to the defendant's claim of title.

2. *Same; averment as to defendants' usurpation of office.* — An averment in the relation, or complaint, that the defendants "are, and have been for some time past, unlawfully holding and exercising the offices" in controversy, specifying particular acts, "when in fact they had and have no lawful right or title to hold or exercise the said offices," is a sufficient averment that they have usurped the said offices.

3. *Same; averment of relator's right to office.* — If the relator himself claims the office alleged to have been usurped by the defendant, his averments of title in himself, if defective or insufficient on their face, are liable to demurrer; but the sustaining of such demurrer does not affect the judgment which ought to be rendered against the defendant, if the averments as to his usurpation are sustained.

4. *Constitutionality of act of November 28, 1868, ratifying special election of county commissioners in Mobile, and extending their term of office.* — The act approved November 28, 1868, entitled "An act to ratify and confirm the election held on the 4th, 5th, 6th, 7th, and 8th days of February, 1868, for commissioners of revenue of Mobile, Chambers, and Baldwin counties, and providing for filling vacancies in the said boards" (Session Acts 1868, p. 352), does not embrace more than one subject in its title; and the provision incorporated in the said act, extending the term of office of the persons so elected, is not liable to constitutional objection, because not specifically stated in the title.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. JOHN ELLIOTT.

This action was commenced on the 11th day of May, 1872, by summons and complaint, in the name of the "State of Alabama, on the information of Jesse Carter, Nelson W. Perry, Willis G. Clark, Henry B. Willey, and Thomas Manser, who also are joined as plaintiffs with the State of Alabama, against Caleb Price, Joseph C. Smith, Fred Bromberg, A. E. Buck, and Hugh Monroe. The complaint was in these words: "The plaintiffs complain of the defendants, that they are, and have been for some time past, unlawfully holding and exercising the offices of the board of commissioners of revenue of Mobile county, Alabama, by administering the finances of the county, exercising control over the county property; taking steps towards the erection of a new court-house, and by doing and performing various other acts and things, which pertain to the office of the board of commissioners of revenue of Mobile county, when in fact they had and have no lawful right or title to hold or exercise the said office. The plaintiffs further allege, that the said Nelson W. Perry, Jesse Carter, Willis G. Clark, Henry B. Willey, and Thomas Manser, all of the county of Mobile, and State of Alabama, are the persons rightfully entitled to the said office of board of commissioners of revenue

[State *v.* Price.]

of Mobile county; that they are entitled to the same by virtue of being regularly elected thereto, at a regular and lawful election for that purpose, held in the county of Mobile, in pursuance of law, on the first Tuesday after the first Monday in November, A. D. 1871, the result of which was duly certified to the secretary of state, and upon which the said Nelson W. Perry, Jesse Carter, Willis G. Clark, Henry B. Willey, and Thomas Manser, duly received the commission of the governor, under the great seal of the State of Alabama, authorizing them respectively to hold office as members of the said board of commissioners of revenue of Mobile county, and for which they duly qualified. Wherefore the plaintiffs pray that judgment may be rendered against the said defendants, and declaring that said Nelson W. Perry, Jesse Carter, W. G. Clark, Henry B. Willey, and Thomas Manser are respectively entitled to the possession of said office, and charging the said defendants with the costs of this proceeding."

The defendants appeared, and filed a demurrer to this complaint, specifying the following as causes of demurrer: " 1. That the said plaintiffs have not shown any grounds or reasons why they should call upon these defendants to answer their complaint; and by the laws of Alabama, they have shown in their petition that neither they nor either of them have *no* right or authority to call upon these defendants to answer anything. 2. That the said plaintiffs, by the laws of the State of Alabama, *has* no right or standing in this court; that they have never been elected to the office which they claim; that the said proceeding is without authority of law, and signed by persons claiming to be ' plaintiffs' attorneys,' who are neither the attorney general of the State of Alabama, nor solicitor of Mobile county, and who have no authority to appear on behalf of the complainants in this case; wherefore, these defendants pray that this petition and summons be dismissed at the costs of the alleged plaintiffs. 3. That by the laws of the State of Alabama, if the plaintiffs ever had any right or claim to any office, or to the office claimed by each and every of them, the right and validity of such election was and is the subject of contest, and may have been contested, if there were any rights thereon; wherefore, &c. 4. There are no sufficient allegations in the complaint to show that the defendants are usurpers, or are illegally holding said office."

The court sustained the demurrer, and, the plaintiffs declining to amend, rendered judgment dismissing the petition or complaint, at the cost of the plaintiffs; and the judgment on the demurrer is now assigned as error.

HAMILTONS, W. G. JONES, and J. L. SMITH, for the appel-

[State *v*. Price.]

lants. — 1. This proceeding is a civil, not a criminal suit. It is not to be found in the Penal Code, but among the special proceedings in civil cases. It has no analogy to a criminal prosecution : there is no arrest, no indictment, no fine, or other punishment.

2. Considered as a civil suit, the complaint was properly signed by the plaintiffs' attorneys.

3. The averments of the complaint, as to the plaintiffs' title to the office, and the defendants' usurpation of it, are sufficiently definite and certain. *The State, ex rel Locke* v. *Lee*, at the January term, 1873.

4. The other grounds of demurrer are too vague and indefinite to merit consideration. They are nothing more than a general demurrer, which cannot be sustained in civil cases. Rev. Code, § 2656 ; 35 Ala. 722.

5. If the plaintiffs' (or relators') claim of title to the office was not sufficiently averred, or was invalid on its face, this would not affect the judgment of ouster against the defendants, if they had no right to the office which they were holding, — in other words, if they had usurped it. This is the material question in the case, though it is not presented by the demurrer. The defendants held the office of commissioners under an irregular election held in February, 1868, and a special act, passed on the 28th November, 1868, ratifying that election, and extending their term of office. The plaintiffs contend, that this act is unconstitutional, and void on its face, because its title embraces two distinct subjects. It ratifies the special elections named in it, and it provides for filling vacancies in the offices specified. These are two distinct subjects, either of which might lawfully have been acted on by the legislature ; but they could not be united in one statute, and the attempt to unite them renders the whole law void. Even if these two subjects might lawfully be united in one statute, the additional provision, extending the term of office of the commissioners so elected, cannot possibly be referred to either branch of the specific title of that statute, and must be held void for that reason. Cooley on Constitutional Limitations, 144, 145, 149 ; *Ex parte* Pollard, 40 Ala. 77 ; *Weaver* v. *Laspley*, 43 Ala. 224 ; 45 Ala. 735 ; 11 Indiana, 199.

BOYLES & OVERALL, with C. W. RAPIER and ALEX. MC-KINSTRY, *contra*. — 1. An information in the nature of a *quo warranto* is a criminal proceeding, and must be prosecuted in the name of the attorney general, or other proper officer representing the State. 11 Illinois, 552 ; 13 Ib. 66 ; 15 Ib. 417 ; 2 Texas, 158 ; 6 B. Monroe, 398 ; 5 Wheaton, 292 ; 3 Wallace, 238 ; 21 Illinois, 65 ; 1 Clarke, Iowa, 70 ; 32 Indiana, 213 ; 14 Wisconsin, 121 ; 2 John. Ch. 371.

[State *v.* Price.]

2. The averments of the relation, or complaint, are substantially defective. It fails to show any right or title in the plaintiffs, or any facts constituting a usurpation by the defendants. 27 Indiana, 263 ; 14 Wisconsin, 121 ; 2 Hill, 93 ; 46 Missouri, 528 ; 7 California, 432 ; 28 Vermont, 594.

3. On the merits, the case is with the defendants. The court must take judicial notice of the act ratifying their election, and must know that their term of office, as fixed by that act, had not expired when this proceeding was instituted against them.

B. F. SAFFOLD, J. — The proceeding under our statute, commonly called *quo warranto*, when it seeks not only the exclusion of the defendant from the office in controversy, but the installation of the plaintiff, is essentially and practically a civil suit, wherein the complaint should set out the facts upon which the plaintiff relies to sustain his title to the office, and, as far as practicable, specify the objections intended to be made to the title of the defendant. The observance of this rule would save defendants much vexation and expense, by apprising them at once of what they had to defend. But the rule is not imperative, as the court is authorized to enlarge the issues. 1 Tidd's Prac. 657. In *Lee* v. *Locke*, at January term, 1873, the objection to the defendant's right was considered sufficiently alleged in the words, " for the space of one week or more, last past, had used, and still did use, the liberties and franchises of solicitor," &c., " *in violation of the existing laws of said State.*" The court said, " One who uses the liberties, privileges, and franchises of a public office, without right, and in violation of the laws of the State, is a usurper." The same authority is decisive against all the grounds of demurrer.

If we were to dismiss this case with a reversal upon the demurrer alone, the litigation between the parties would be little more than commenced. The transcript puts it within our power to make a decision which will be conclusive of the cause, and a proper consideration for the public and the parties impels us to do so. The complaint discloses that the plaintiffs' claims to the offices are founded exclusively upon their election thereto on the first Tuesday after the first Monday in November, 1871, the day of the general election of county commissioners throughout the State under the election law of October 8th, 1868. A judgment excluding the defendants is independent of the right of the plaintiffs. The suit may be maintained by one who is not a claimant of the office. Rev. Code, § 3083. Or the plaintiff, so claiming, may fail to establish his right. Rev. Code, § 3090. If the allegation of the plaintiffs' title is such as itself shows the title to be invalid, the objection may

be taken by demurrer, and, when sustained, defeats so much of his suit. We know judicially that an act " to ratify and confirm the election held on the 4th, 5th, 6th, 7th, and 8th days of February, 1868, for commissioners of revenue of Mobile, Chambers, and Baldwin counties, and providing for filling vacancies in the said boards," approved November 28, 1868, prolonged the term of the commissioners of the counties mentioned " until the period of four years, commencing on the day of the next general election in the State of Alabama, shall have elapsed, and until their successors shall have been qualified." The act of October 8, 1868, " to regulate elections in this State," in its eighth section, fixed the next general election of commissioners of revenue on the first Tuesday after the first Monday in November, 1871. It is, therefore, apparent from the complaint, that the term of the commissioners of Mobile county, as prescribed in the first act, had not expired at the time when the plaintiffs aver that they were elected.

If it be objected to this conclusion, that vacancies might have intervened, as to which other regulations were prescribed, the answer is, the act of November 28, 1868, was not intended to continue certain individuals in office, but to extend the term of the office, and thereby to dispense with any election during such term. An appointment to a vacancy clothed the appointee with all the privileges of his predecessor, and placed him in the same *status* precisely. The appointment was for the unexpired term. This is the policy and the express provision of all our statutes on the subject. It is shown in the act " to authorize the governor to fill vacancies in certain county offices," approved November 25, 1868, which, in the second section, provides " that the person so appointed shall be duly commissioned, and shall hold office until the day of the next general election thereafter." The special act of November 28th, 1868, withdraws its subject-matter from the operation of the general law in respect to the next general election of commissioners, by reason of its subsequent enactment, as well as its conflict.

The act of November 28, 1868, is not subject to the objection that it contains within its body a subject not mentioned in the title, and foreign to it. Section 2 of Article 4 of the State constitutition must not be so construed as to defeat the valuable purpose for which it was intended. It is one thing to prevent gross imposition on the public in the passage of laws, and another to include under one caption or title matters germane to the principal subject. The adoption of the act is evidence of the belief on the part of the legislature that the election of commissioners in the counties specified needed confirmation. The manner in which this should be done, was clearly within

the legislative authority. The term for which the confirmation should be made was entirely relevant, and even necessary, in view of the designed change from the general law governing other counties.

The conclusion is, the plaintiffs' title to the offices claimed appears to be invalid from their statement of it, which is, therefore, subject to demurrer. From the facts contained in the transcript, the defendants' title is complete, and the term has not expired.

The judgment is reversed, and the cause remanded.