# Dudley *v.* Fitzpatrick.

*Application for Mandamus.*

1. *Constitutional law; local laws; notice.*—The notice required by section 106 of the Constitution is not required therein to be signed by anyone, and an unsigned notice, if otherwise in accordance with the provisions of that section, is sufficient.

2. *Same; same; journal.*—An omission in the printed journal of the House of Representatives, may be cured by reference to the original journal, when the omission is thereby shown.

3. *Same; same; same.*—Though the section 106 of the Constitution requires that notice of a local law, and proof thereof, shall be spread upon the journals, it is a sufficient compliance therewith to paste a written or printed copy thereof on such journals, as such action shows a legislative construction of the requirements of the Constitution, which will be followed by the courts.

[Dudley v. Fitzpatrick.]

4. *Same; same; same.*—Where notice is given that application
would be made to the Legislature to authorize suits in one
court to be transferred to another, the transfer is the subject
of the law, and provisions of the act passed under such notice
prescribing the duties of the judge in making orders of trans-
fer, and of the clerk in forwarding papers, and copies of min-
ute entries &c., are no part of 'the substance of the law, but
merely matters of detail, without which the act would nev-
ertheless be complete.

APPEAL from Jefferson Circuit Court.

Tried before Hon. A. A. COLEMAN.

This cause arose out of an application made by the ap-
pellee, M. H. Fitzpatrick, for a writ of mandamus, di-
recting the appellant, E. A. Dudley, who was then the
clerk of the City Court of Bessemer, to deliver to the
clerk of the Circuit Court of Jefferson County the orig-
inal papers, and certified copies of the minute entries and
docket, in a cause then pending in said City Court of
Bessemer, wherein one F. A. Little was plaintiff and ap-
plicant was defendant, the relief being based upon an act
of the Legislature of Alabama, authorizing the removal
of causes, in Jefferson County, from one court to another.
A peremptory writ was issued, from which the respond-
ent appealed.

The facts are shown by the opinion.

PINKNEY SCOTT and W. K. SMITH, for appellant.

CABANISS & WEAKLEY, and S. S. PAINS, *contra.*

DOWDELL, J.—This is a proceeding by mandamus
to compel the removal of a civil cause pending in the city
court of Bessemer, Jefferson county, to the circuit court
of said county. The petition is filed under the act ap-
proved September 26th, 1903, (Acts 1903, page 369.)

The petition was demurred to, and the demurrer be-
ing overruled by the court, answer was filed, and upon
the hearing of the petition and answer, a peremptory
writ of mandamus was awarded.

[Dudley v. Fitzpatrick.]

The validity of the act on which the petition for a mandamus is based is brought into question, both by the demurrer and answer, and the grounds stated are the same in both.

The main proposition, and that which is most strenuously insisted on in argument, is whether there was a compliance with the requirements of section 106 of the Constitution, as to notice and proof of notice, in the enactment of the statute.

, Section 106 of the Constitution reads as follows: "No special, private or local law shall be passed on any subject not enumerated in Section 104 of this Constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall have been published, without cost to the State, in the county or counties where the matter or thing to be affected may be situated; which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties, or, if there is no newspaper published therein, then by posting the said notice for four consecutive weeks at five different places in the county or counties prior to the introduction of the bill; and proof by affidavit that said notice had been given shall be exhibited to each house of the Legislature, and said proof spread upon the journal. The court shall pronounce void every special, private or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section."

That the Act in question comes within the class of legislation denominated a local law under the Constitution, cannot be doubted under the decision of *Wallace v. Board of Revenue of Jefferson County, et al.,* 140 Ala. 491. Conceding, then, that the act is a local law, it is insisted in the first place, that the published notice given was insufficient, in that it failed to state the substance of the proposed law, and this is the principal question in the case.

Before proceeding with the discussion of this proposition, other contentions of appellant in respect to what

the journals of the two houses show as to proof of notice, may be disposed of, by a statement of what is shown by the journals. The bill in question was Senate Bill No. 332, and was introduced in the Senate September 1st, 1903, under the head of "Introducing of Bills," Senate Journal, page 715, and the following appears on page 735; "By Mr. Morrow, with notice and proof of publication, as follows: "The State of Alabama, Jefferson county. Personally appeared before me, the undersigned authority, A. C. Jenkins, who being by me duly sworn, deposes and says, on oath, that he is the manager of the circulating department of the Birmingham Ledger; that the Birmingham Ledger is a newspaper published in the city of Birmingham, Jefferson county, Alabama, and affiant further says on oath that the foregoing printed notice pasted to this affidavit, was published once a week for four consecutive weeks in said Birmingham Ledger." (Signed) "A. C. Jenkins, Manager Circulation."

"Subscribed and sworn to before me, this the 31st day of August, 1903." "Frank W. Smith, Notary Public."

"Notice."—"Pursuant to constitutional requirement notice is hereby given that a bill will be introduced at the present session of the Legislature of Alabama, for the purpose of allowing the removal of all civil suits pending in the city court of Bessemer, at the option of either party, and of allowing the removal of all civil suits hereafter brought in the city court of Bessemer, at the option of the defendant or defendants, to other courts of competent jurisdiction in Jefferson county."

"S. B. 332."—"Authorizing the transfer of any civil cause pending in the city court of Bessemer, in the county of Jefferson, in the State of Alabama, to the circuit court of Jefferson county, in said state, or to the city court of Birmingham, in said state, or to any other court of competent jurisdiction sitting in the city of Birmingham."

It will be observed that the notice given is not signed by any person, but this is not required by § 106 of the Constitution, and is, therefore, not essential to the sufficiency of the notice. The point is made, that, in the printed copy of the House Journal, there is no *jurat* to

[Dudley v. Fitzpatrick.]

the affidavit in making the proof of notice. This objection, if important, is fully met by the fact, that the *jurat* is shown in the original Journal kept by the House. Another objection to the notice and proof of notice is, that the same is not transcribed in the original Journal, but instead thereof, the same is pasted upon the pages of the Journal. The provision of the Constitution is that such notice, and proof thereof, shall be spread upon the Journals. While ordinarily, the language employed might be interpreted to mean to be transcribed upon, or written upon, yet it is susceptible of a more extended definition or meaning, and, in order to uphold the constitutionality of the Act, there being no express prohibition, nor one resulting from necessary implication against the doing of the thing as it was done, that construction will be adopted, if reasonable, that will save the statute. The pasting of the written or printed copy of the notice and affidavit of notice upon the page of the Journal was, in a sense, spreading the same upon the Journal, and the doing of the thing in the way in which it was done, indicates a legislative construction of that provision in the Constitution, and under all the circumstances, this legislative construction is entitled to some consideration.

Recurring to the question as to whether the notice contained the substance of the proposed law, it is urged in argument by counsel for appellant, that the Act as passed is made up of seven sections, in which it set out the duties of the judges and clerks with reference to the transferring of causes, and that none of their duties are mentioned in the notice, citing in support of the contention, *Wallace v. Board of Revenue*, 140 Ala. 491. The substance of the proposed law, as stated in the notice, is the removal of civil suits pending in the city court of Bessemer, at the option of either party, and the removal of civil suits thereafter brought in the city court of Bessemer, at the option of the defendant or defendants, from said city court of Bessemer, to other courts of competent jurisdiction in Jefferson county. The duties imposed upon the judges by the Act, in the making of appropriate orders, and upon the clerks, in forwarding the original papers, and copies of minute entries, and in docketing

[Dudley v. Fitzpatrick.]

the cases, etc., constitute no part of the substance of the law, but are mere matters of detail proper in themselves in directing the parties in the removal of the cases, but without which the Act would nevertheless be complete as to giving the absolute right of removal of the causes mentioned, and, to effectuate which, it would have been within the power of the courts to adopt rules.   There is nothing in the case of *Wallace v. Board of Revenue, supra,* from which it is to be inferred that the notice provided for in § 106 of the Constitution should embrace such matters of detail of the proposed law.

The mention in particular, in the Act, of the criminal court of Jefferson and the city court of Birmingham, is of no importance.   These courts are necessarily embraced in the notice, "To other courts of competent jurisdiction in Jefferson county."   The city court of Bessemer is a court of like jurisdiction, both equity and common law, to the city court of Birmingham, and of like jurisdiction to the circuit court in common law civil cases.   There can, therefore, be nothing in the suggestion that the notice did not specify by name these particular courts mentioned in the Act.

We are of opinion, and it is our conclusion, that there is nothing in the Act that is of substance, which is not contained in the notice.   The demurrer to the petition was properly overruled, and the judgment appealed from will be affirmed.   Affirmed.

McCLELLAN, C. J., HARALSON and DENSON, J.J., concurring.