# Blue *v.* Everett, as Treasurer.

*Bill to Enjoin Treasurer of Coffee County from Paying Judge's and Solicitor's Salary out of Public Funds.*

(DECIDED NOV. 17, 1906.—40 So. REP. 203.)·

1. *Statutes; Constitutionality of; Title; Subjects Embraced.*—The ast amendatory of an act approved Feb. 8, 1901, (L. Acts, 1903, p. 398) does not embrace two distinct and independent subjects, but relates to the same subject and is not violative of section 45 of the constitution of 1901

2. *Same; Local Acts; Notice of Intention to Introduce.*—The notice of intention to· introduce the local act amendatory of an act approved Feb. 8th, 1901, (L. Acts 1903, p. 398) was sufficient, and not violative of section 106 of constitution of 1901.

[Blue v. Everett, as Treasurer.]

APPEAL from Coffee Chancery Court.

Heard before Hon. W. L. PARKS.

J. D. Blue filed his bill as a citizen and tax payer of Coffee county seeking to restrain the treasurer of said county, W. T. Everett, from paying to J. F. Sanders, out of the general fund of the county, his salary as judge of the county court and M. J. Lee, his salary as solicitor of said court. The bill alleges that the treasurer has paid the salaries of the said two officers, and as such treasurer, he would undertake to continue to pay said salaries quarterly, as they mature, out of the general fund of the county. The bill sets up the unconstitutionality of the act creating the county court of Coffee county, under the authority of which the judge and solicitor hold their offices and under the authority of which the treasurer is paying them their salary out of the general funds of the county. The chancellor dismissed the bill for want of equity on motion, and from this decree, this appeal is prosecuted.

H. L. MARTIN for Appellant.—The act is unconstitutional, because notice was not given as required by section 106 of the constitution of 1901.

It is unconstitutional because it contains two subjects, viz., one subject gives the county of Coffee county jurisdiction and right of appeal therefrom; and the other subject gives jurisdiction to the justices of the peace in said county and right of appeal therefrom.

This renders the act unconstitutional.—*Ballentyne v. Wickersham*, 75 Ala. 533; 119 Ala. 202.

J. F. SANDERS, for Appellee.—The original act creating this court (Local Acts 1900-01, p. 864) was declared constitutional in the case of. *Wilson v. State*, 136 Ala. 115. The act amendatory thereof (Local Acts, 1903, p. 398) is also constitutional. Proper proof by affidavit was made that notice was published of the proposed application for the passage of the law, as required by section 106, constitution 1901.—Senate journal 1903, pp. 777-778-779; house journal 1903, p. 2360. The affidavit showing that notice had been given is sufficient.—*Dudley v. Fitzpatrick*, 143 Ala. 162; *Childers v. Sheppard*, 142 Ala. 385.

The notice itself was sufficient.—*Wallace v. Board of Revenue,* 140 Ala. 491; *Dudley v. Fitzpatrick,* 143 Ala. 162; *Hooten v. Mellon,* 142 Ala. 245; *Law v. The State,* 38 So. Rep. 798; *State v. Williams,* 140 Ala. 10; *Exparte Black,* 144 Ala. 1.

The senate and house journals show a compliance with the mandate of the constitutional provision.—*Walker v. City Council of Montgomery,* 139 Ala. 464. The act is not void as containing a duality of subject matters in the title and body of the act.—Constitution 1875, 1901; *Lindsey's case,* 120 Ala. 156; *Bell v. State,* 115 Ala. 87; *Jackson v. The State,* 136 Ala. 96; *Tennessee M. B. L. A. case,* 99 Ala. 197; *Williams v. The State,* 113 Ala. 59. See also *Sanders v. State,* 55 Ala. 42; *Moore v. State,* 68 Ala. 360; *Smith v. State,* 103 Ala. 69; *Lowenstein v. Martin,* 105 Ala. 668; *Ex parte Hickey,* 52 Ala. 228; *Ex parte Pollard,* 40 Ala. 99.

J. D. Blue cannot, in his individual capacity, enjoin the payment of this money.—Dillon Municipal Corporation (4th Ed) pp. 1106-1109; *Sheehan v. Bailey,* 110 Ala. 308. No allegation authorizing the granting of an injunction is contained in the bill.—*Cameron v. Abbott,* 30 Ala. 416; 12 Am. & Eng. Ency. P. and P. 1045-1046.

The motion to dismiss for the want of equity raised all the questions decided by the lower court.—*Moog v. Randolph,* 77 Ala. 597; *Moody v. State,* 48 Ala. 115; *Buckley's case,* 54 Ala. 606.

HARALSON, J.—The constitutionality of the local act "To amend an act to establish the county court of Coffee for Coffee county with criminal jurisdiction in misdemeanor cases, approved February 8, 1901," etc. (Acts 1903, p. 398), is questioned.

The grounds insisted on for the unconstitutionality of this act are: First, that notice was not given as required by section 106 of the constitution; and second, because it contains two subjects (to quote from appellant's brief), "one giving the county court of Coffee county jurisdiction and right of appeal therefrom, which is embraced in the title and body of the bill; and it also gives jurisdiction to justices of the peace in said county,

OF ALABAMA.

and also gives the right of appeal from them, which is found in the title and in the body of the bill."

No reason is given in brief and argument of counsel for the first insistence. The notice and proof of notice are substantially the same, and quite as full, as they were in the case of the establishment of an inferior court for Geneva county (house journal 1903, pp. 2360, 2361), which were upheld as sufficient in *Ex parte Black*, 144 Ala. 1; 40 South. 133. and *Dudley v. Fitzpatrick*, 143 Ala. 162, 39 South. 385; *Holman v. State*, 144 Ala. 39 South. 646.

By the said act of 1901, above referred to, "To establish the county court for Coffee county," by section 6 thereof, it was provided: "That said county court of Coffee shall have exclusive jurisdiction to try cases of misdemeanors in the county of Coffee." The title to the act in question, among its recited purposes, contains the clause, "restoring to justices of the peace original jurisdiction of the misdemeanor cases provided for trial by them under the code, and providing for appeals in such cases to said county court of Coffee," etc.

The act contains the provision, "provided further, that from and after the passage of this act justices of the peace and notaries public exercising the powers of justice of the peace shall have jurisdiction of all misdemeanor cases of which they have jurisdiction, as provided by article 4, chapter 142, of the criminal code of 1896, in said county." This act was amendatory of said original act of 1900-1901 establishing a county court of Coffee county. It provides for appeals from justices and notaries to the county court in cases where they have final jurisdiction, and this related and was cognate to the title and purpose of the said original act, "To establish the county court of Coffee for Coffee county." Acts 1901, p. 861.

These were not two distinct and independent subjects, but they both related to the same subject, containing what was necessary to make a complete enactment for the trial of criminal cases by said court, and to make more perfect the procedure therefor.—*State v. Rogers*, 107 Ala. 444, 19 South. 909, 32 L. R. A. 520; *City Coun-*

*cil v. N. B. & L. Association,* 108 Ala. 336, 18 South.
816; *Bell v. State,* 115 Ala. 89, 22 South. 453; *Ballentyne
v. Wickersham,* 75 Ala. 533.

This case is not opposed to the last cited case, relied
on for appellant. In that case, it was properly held,
that an act to define the jurisdiction of an inferior court
of criminal jurisdiction for the county and to define the
criminal jurisdiction of justices of the peace in the same
county, contains, as expressed in the title and in the body
of the act, two subjects each distinct from and independ-
ent of the other, in violation of constitutional inhibition.

There was no error in the decree below dismissing the
bill for want of equity.

DOWDELL, SIMPSON, and ANDERSON, JJ., concur.