# State, *ex rel.* Thomas *v.* Gunter.

## *Quo Warranto.*

(Decided Jan. 12, 1911. 54 South. 283.)

1. *Courts; Power to Abolish.*—A court authorized but not created by the Constitution, can be established or abolished at the will of the legislature.

2. *Constitutional Law; Who May Take Advantage of.*—One not directly affected by a statute cannot complain that it violates constitutional provisions.

3. *Officers; Compensation; Change.*—Sections 68, 150 and 174 Constitution 1901, apply to encumbents and not to persons taking office after the enactment of particular legislation affecting the office.

4. *Statutes; Local Law; Notice.*—The Act of 1907, p. 517, is a local law under section 160, Constitution 1901, and requires notice of intention of its introduction and passage.

5. *Same; Notice; Sufficiency.*—The notice in this case examined and held sufficiently broad to sustain the Act of 1907, p. 517, making the judge and the associate judge of the city court of Montgomery. elective and providing for their term of office.

6. *Same; Title; Plurality of Subjects.*—The Act of 1907, p. 517, is not violative of section 45, Constitution 1901, as containing more than one subject; or as containing a subject not clearly expressed in its title.

7. *Same; Title; Sufficiency.*—A subject stated generally includes incidents and subsidiary details.

8. *Same; Sufficiency.*—The Act of 1907, p. 517, was not insufficient because the title failed to state what people were to elect the judges therein mentioned.

APPEAL from Montgomery Circuit Court.

Heard before Hon. A. E. GAMBLE.

Quo warranto by the state of Alabama on the relation of William H. Thomas, to test the right of the respondent Gunter, to hold the office of judge of the Montgomery City Court. From a judgment denying the writ relator appeals. Affirmed.

N. D. DENSON, J. M. CHILTON, RAY RUSHTON, HILL, HILL & WHITING, J. LEE HOLLOWAY, H. S. HOUGHTON, GEO. M. MARKS, W. E. ANDREWS, DAVIS F. STAKELY, J. R. THOMAS, M. A. RABB, E. C. PAIGE, and BALL & SAMFORD, for appellant. Relator insists that the Act of 1907 is wholly invalid, and that respondent's claim is, therefore, void. He further insists that if the Act is not wholly invalid, then it must be so construed as to permit him to retain his office as judge of said court until the expiration of the full term which began August 18, 1909.

The validity of the act is attacked on three grounds: 1st, because the notice of the intention to pass it was not sufficient under sections 106 and 107, Constitution 1901.—*State v. Williams,* 143 Ala. 501; *Wallace v. Jefferson County,* 140 Ala. 502; *Law v. The State,* 142 Ala. 65; *Ex parte Black,* 144 Ala. 6; *Tillman v. Porter,* 142 Ala. 378; *Norvell v. The State,* 143 Ala. 564; *State v. Speake,* 144 Ala. 515. The word "people" is synonymous with "the public," and hence, the law is defective for failing to state by what particular people the judge was elective.—*Wyatt v. Lorimer,* 29 Pac. 911; *Nesbitt v. Lushington,* 4 Term. Rep. 787, and the Law Dictionaries. The effect of the Act of 1907, is to modify each of the Acts of 1863, 1870, 1879 and 1901, each of which are local laws, and hence, the notice was not sufficient under section 107, Constitution 1901.—*Tallassee v. Tombs,* 157 Ala. 160; 36 Cyc. 947; *Horton v. Mallon,* 142 Ala. 245. And, it is invalid because it vio-

lates section 45 of the Constitution of 1901.—*Ballantine v. Wickersham*, 75 Ala. 539; *B. & P. Co. v. Lucas*, 119 Ala. 202; *Brown v. The State*, 115 Ala. 75; *Elder v. The State*, 162 Ala. 42. The title is narrower than the act.—*Covington v. Thompson*, 142 Ala. 98; *Ham v. The State*, 156 Ala. 645; *Prowell v. Hasty*, 142 Ala. 80; *L. & N. v. Grant*, 153 Ala. 117; *Patton v. The State*, 160 Ala. 114; *Yerby v. Cochran*, 101 Ala. 541; *Randolph v. Supply Co.*, 106 Ala. 501; *Bluenthal v. Troy, etc.*, 131 Ala. 640; *Carpenter v. Joiner*, 151 Ala. 456; *State v. Bricken*, 154 Ala. 154; *Chatt. Sav., etc., v. Tanner*, 157 Ala. 504; *State ex rel. Birmingham v. Miller*, 158 Ala. 62; *Elder v. State*, 162 Ala. 41; *R. R. Comm. v. Campbell*, 163 Ala. 441. The act also offends sections 68, 150 and 174.—*Winter v. Sayre*, 118 Ala. 1; *Ex parte Roundtree*, 51 Ala. 45; *Ex parte O'Neal*, 154 Ala. 241; 46 N. Y. 57; *Prowell v. Hasty, supra.* The judge's term and compensation are inviolable.—*Wammack v. Holloway*, 2 Ala. 33; *Reid v. Moulton*, 51 Ala. 269; *Beele v. Robinson*, 52 Ala. 69; *Winter v. Sayre*, 118 Ala. 1; *White v. Denson*, 123 Ala. 580; *Perkins v. Corbin*, 45 Ala. 105; *Ex parte Roundtree*, 51 Ala. 42; *Ex parte Amos*, 51 Ala. 57; *Winter v. Sayre*, 118 Ala. 1; *Oldham v. Mayor*, 102 Ala. 368.

W. A. GUNTER, for appellee. The provisions of a constitution are to be interpreted, not after the manner of "word catchers, who live on syllables," but in the large and liberal spirit manifested in the opinions in *Lane v. Kolb*, 92 Ala. 636, and in *Winter v. Sayre*, 118 Ala. 1, and in *Town of Tallassee v. Toombs*, 157 Ala. 160, to avoid turning a garment of protection into a Nessian shirt of torture.—*Dorman v. State*, 34 Ala. 238. The Legislature, except as expressly restricted by the Constitution, is supreme.—*Dorman v. State*, 34 Ala. 236. And, therefore, as it may create and abolish its instruments of government, as, for instance, inferior courts;

and on the principle that the greater contains the lesser, it possesses the power to change every feature of such courts at its will or whim.—*Ex parte Lambert,* 52 Ala. 79; *Lane v. Kolb,* 92 Ala. 636; *Winter v. Sayre,* 118 Ala. 1; *Ensley Dev. Co. v. Powell,* 147 Ala. 300; *Perkins v. Corbin,* 45 Ala. 118; *State v. Hyde,* 13 L. R. A. 79; *State v. Burris,* 49 Atl. 930; 29 Cyc. 1396-7; 23 Ency. of Law, 404 and 405 and authorities in notes 12 and 4; *Koch v. Morgan,* 152 N. Y. 72; *People v. Whitlock,* 92 N. Y. 192. A subsequent law inconsistent with a prior law, impliedly repeals the latter; if only partly inconsistent the repeal is only to that extent.—*Lane v. Kolb,* 92 Ala. 636; *Winter v. Sayre,* 118 Ala. 1; *Binford v. Gibson,* 15 Ala. 521; *State v. Hyde,* 13 L. R. A. 79; 29 Cyc. 1397. Under the law previous to the act in question, the term of the judges of the city court terminated with his resignation, and there could be no such thing as an unexpired term of the judge of that court who died or resigned.—*Winter v. Sayre,* 118 Ala. p. 56 et seq. The term of the judge of the city court entitled to hold for a period of six years, was terminable on his death, resignation, or removal, as well as by the expiration of such fixed period.—Ib. 29 Cyc. 1396. The relator having been appointed to office after Sayre's term as judge of the city court had terminated by resignation, the first section of the Act of 29 of July, 1907, providing for a new term by election, to commence 15th of November, 1910, made it impossible for any power to appoint or elect for a term beyond that date. —*Lane v. Kolb,* 92 Ala. 636; *Winter v. Sayre,* 118 Ala. 1-68; *Fowler v. Bull,* 46 N. Y. 58; *Prowell v. State,* 142 Ala. 80. The judgship and the associate judgship of the city court while germane to the subject of a law dealing with the constitution of the court (118 Ala. p. 34) are separable as to the individual rights of their

respective incumbents. And no information is authorized which may affect the tenure of either without making him a party to the suit—since no one can be condemned without due procedure. And the relator in this case, having no interest in Judge Brown's office cannot in an information respecting the judgship of the city court, raise any constitutional question respecting the right of the present incumbent to the office of associate judge of the city court. It is impertinent, therefore, to lug into this record, Judge Brown's case in the endeavor to enlarge the virtues of the relator by making a scapegoat of Judge Brown.—8 Cyc. 787 and authorities cited; *Shehan v. Bailey,* 110 Ala. 308; *Jones v. Black,* 48 Ala. 540; *Dorman v. State,* 34 Ala. 249.

ANDERSON, J.—This action was instigated in the name of the state, upon the relation of W. H. Thomas, under chapter 128 of the Code of 1907, for the purpose of removing Gaston Gunter, as judge of the city court of Montgomery; the declaration containing a statement of the right and title of the said Thomas, and praying that Gunter should not only be removed, but that the relator Thomas, be declared the rightful holder of the office and entitled to same, and which is authorized by sections 5462, 5463, of the Code of 1907. Thomas claims the office, under and by virtue of the act of 1879, p. 418, providing for the selection of the judge of the city court, and which fixes the term of the judge so selected. This act, together with the previous ones bearing upon this subject, was construed in the case of *Winter v. Sayre,* 118 Ala. 1, 24 South. 89. We are not disposed to depart from the construction there given same, in so far as it may be applicable to the present case. The relator Gunter sets up title to the office, under a commission resulting from an election by the people, un-

der the act (Session 1907, p. 517), and which reads as follows:

"*An act to make the judge of the city court of Montgomery, and the associate judge of the city court of Montgomery, elective by the people.*"

"Section 1. Be it enacted by the Legislature of Alabama, that the judge of the city court of Montgomery, and the associate judge of the city court of Montgomery, shall be elected by the qualified voters of Montgomery county at the general election for state officers in the year 1910 and every six years thereafter, and shall hold their respective offices for a term of six years, from the 15th day of November, 1910, and until their successors are elected and qualified.

"Sec. 2. *Be it further enacted, that the present judge and associate judge of said court shall hold their respective offices until November, 15, 1910, and until their successors are elected and qualified.*"

"Sec. 3. That all laws and parts of laws, general, special or local, in conflict with the provisions of this act, be and the same are hereby repealed." (Italics supplied.)

If, therefore, this is a valid law, Gunter is not usurping the office and has a good title thereto. The relator, however, assails the said act as being repugnant to certain sections of the Constitution of 1901, and we will take up these questions and dispose of them in the order of presentation, in the argument of the appellant's counsel. The act is unquestionably a local law, and, in order for it to have been legally enacted, it must appear that a notice, containing the substance of same, was given as required by section 106 of the Constitution, and if the notice was not given as required, it becomes our imperative duty to pronounce the said act void. The notice reads as follows: "*Notice is hereby*

*given, that a bill will be introduced in the next Legislature of Alabama, to make the judge and associate judge of the city court of Montgomery elective by the people, and to fix the term of office of said judges.*" (Italics supplied.) This section of the Constitution has been repeatedly considered by this court, and while there has been a constant and consistent effort to effectuate its mandatory requirement, yet it has been often held that the word "substance," as used therein, did not mean that every detail of the proposed law must be set forth, and it was sufficient, if the notice set forth the "essence, abstract or compendium of the act."—*City of Uniontown v. Glass,* 145 Ala. 471, 39 South. 814; *State v. Williams,* 143 Ala. 501, 39 South. 276; *Dudley v. Fitzpatrick,* 143 Ala. 162, 39 South. 384; *Ex parte Black,* 144 Ala. 1, 40 South. 133; *State ex rel. Hanna v. Tunstall,* 145 Ala. 477, 40 South. 135. The notice in question sets out that the judges will be elected by the people, and that the act will fix the terms of said judges, and section 1 of the act does this and nothing more. If the fixing of the term to commence November 15, 1910, encroaches upon or interferes with any existing term, it is nevertheless the fixing of the term of the judges to be elected, and which was set out in the notice, and which is but the substance of the act. It is true that section 2 of the act deals only with the present judges, and makes their terms expire on November 15, 1910, thus doing expressly what is done in section 1 by implication. If section 1 fixes the commencement of the terms of the judges to be elected thereunder on the 15th day of November, 1910, it by necessary implication terminates the existing terms as of said date, and section 2 is superfluous. It does just what is done by section 1, and is of necessity of the substance of section 1, and section 1 is of the very essence of the

notice given. It expressly fixes the terms of the new judges, and if it curtails an existing term, it is due to the fixing of the term of those judges dealt with in the notice, and which is the substance of the act. If section 2 was omitted from the act, the term, under section 1, of the new judges would commence on November 15th, and if the existing terms extended beyond that date they would be cut down without the aid of section 2. In dealing with the notice, we must consider the status as existing at the time of the passage of the law. When the act was passed Judge Thomas had just previously been elected associate judge, and under the act of 1901 (Laws 1900-01, p. 823) his term would not expire until 1913. Judge Sayre was judge of the city court, and his term, under the act of 1879, as construed in the case of *Winter v. Sayre, supra,* had not expired, and while it was fixed at approximately six years, the act also provided that he should hold office until the close of the session of the Legislature, which had the authority to elect his successor. The sessions of the Legislature were changed by the last Constitution from biennial to quadrennial ones, and there was no regular session provided for which would be contemporaneous with the expiration of six years from the time Judge Sayre was elected, in 1903. So when the Legislature passed the act of 1907, there was no regular session for 1909, and it did not contemplate any extra session contemporaneous with or shortly after the expiration of six years from the date of his election in 1903, and it was the then evident opinion of the lawmakers, that he would hold on until the convening of the regular session of 1911, and they intended to terminate said terms under any conditions, upon the commencement of the term of the newly elected judges on November 15, 1910. On the other hand, if it should be

[State, ex rel. Thomas v. Gunter.]

true, that the Sayre term, had he held to the office, would terminate before the convening of the regular session of 1911, which was the one reasonably contemplated as the proper one to elect his successor, and that his term expired before the 15th of November, 1910, then section 2 would not be identical with section 1, as it might operate to slightly extend rather than curtail the term, but which we think unreasonable, in view of the conditions existing when the act of 1907 was passed; but if such was the effect, and section 2 was therefore not the same in meaning and effect as section 1 as to the existing terms, the notice would be sufficient, and the act would be saved by the opinion in the case of *Williams v. State, supra.* The result is, if section 2 cut down both terms, then it did no more than section 1, and if it slightly extended the term of the then judge until the new judges took office, it was still of the substance of the notice, as declared in the *Williams Case, supra.* We therefore hold that the act was not repugnant to section 106 of the Constitution.

The act of 1907 is not a constructive or creative act, as the city court and the officers dealt with were already in existence, and its sole purpose was to repeal or modify the acts of 1879 and 1901 as to the method of selecting the judges and fixing the term of office; yet the notice is silent as to the intention to repeal or modify any existing law, and the act merely contains a general repealing clause. The repeal or modification of the existing laws is, of necessity, of the substance of the act of 1907, and which, to my mind, is repugnant to section 107 of the Constitution for failing to set out the substance of so much of said acts of 1879 and 1901 as is repealed or altered by the act of 1907, and, as an original proposition, I would so hold, and which would be in conformity with the views expressed by the writer,

and shared in by two other judges in the case of *Tallassee v. Tooms,* 157 Ala. 160, 47 South. 308. These views, however, did not become the opinion of the court, and have been, in effect, repudiated by a decision of this court in the recent case of *Miller v. Griffith,* 171 Ala. \_\_\_, 54 South. 650, and which said case must control the case at bar, and to which I yield.

The next insistence is that the act of 1907 violates section 45 of the Constitution in that it contains more than one subject, or if it contains but one subject it is not clearly expressed in the title. While the act deals with two judges, they are officials of the same court, and are so akin or so closely allied with each other as to be one and the same subject. In dealing with titles to acts, this court has often held that section 45 is complied with if the title is single in subject and expression and the details of the law embrace matters relevant and pertinent, or, as is more comprehensively said, germane or cognate to the title subject. If the object or subject is stated generally in the title, it would include incidents and subsidiary details, and the title in question purports to deal with the selection of judges, and we think the fixing of the term of office, the length of and the commencement of same, is incidental and subsidiary to the subject, as expressed in the title, and which said title was not used in a restrictive sense.— *Sayre v. Winter, supra; State ex rel. Carter v. Price,* 50 Ala. 568; *State v. Rogers,* 107 Ala. 444, 19 South. 909, 32 L. R. A. 520; *City Council v. N. B. & L. A.,* 108 Ala. 336, 18 South. 716; *Blue v. Everett,* 145 Ala. 104, 40 South. 203; *Ex parte Black,* 144 Ala. 1, 40 South. 133; *Dudley v. Fitzpatrick,* 143 Ala. 162, 39 South. 384; *Holman v. State,* 144 Ala. 95, 39 South. 646. The fixing of the term of office of the judges, being germane to the subject of selecting them, it matters not whether

the term so fixed. infringed upon the existing term or not, as the title was sufficient to inform the Legislature and the public that the act provided a new method of selecting the judges of the city court, and would deal with the terms they were to hold, and if the terms so fixed would encroach upon existing terms, the title was sufficient to notify all parties at interest that the term of office would be dealt with and when the new terms would commence, whether before or after the expiration of existing terms. On the other hand, if section 2 was not merely cumulative but did more than section 1, by slightly extending the term of the then judge of the city court, but which we do not think was the case, in view of conditions existing at the time, section 2 could still be upheld, upon the authority of *Carter v. Price, supra.* So, too, if section 2 should not be germane to the title it could well be discarded without impairing the integrity of the rest of the law, which would then fix the term of the new judges to commence on November 15th, and which would cut. off the existing terms at said time, without the aid. of section 2. And if the term of Judge Sayre expired before that date he would nevertheless have held over until said 15th of November, 1910, had he not surrendered the office, under the terms of the act of 1879, and independent of the act of 1907, the result being that the conditions would be the same with section 2 in or out of the act. The act in question is unlike the one condemned in the case of *Lindsay v. United States Co.,* 120 Ala. 156, 24 South. 171, 42 I. R. A. 783. The act there sought to legalize past transactions, and was held to be beyond the contemplation of the title, while the title of the act of 1879, and which is quite similar to the present title, was held to be broad enough to cover the appointment and selection of judges, as well as the fixing of the

term of office, in the case of *Winter v. Sayre, supra,* and in the opinion by Brickell, C. J., who was the writer also of the opinion in the *Lindsay Case, supra.* So, too, does the present act find support in the case of *Carter v. Price, supra,* and which has never been overruled or criticised so far as we have been able to discover.

It is also insisted that the act offends sections 68, 150, and 174 of the Constitution. Section 68, among other things, forbids a decrease of the salary of an officer during his term of office; section 150 prohibits a diminishing of the salary during the official term of justices of the Supreme Court, chancellors, and the judges of the circuit courts and other courts of record except probate judges; and section 174 relates to removal from office by impeachment.

The city court of Montgomery is of constitutional authorization, but not of constitutional creation, and can be established or abolished at the will of the Legislature. Whether or not, however, the Legislature could maintain the court, and at the same time change or curtail an existing tenure of office, without violating one or more of the above-mentioned sections of the Constitution, we do not decide, for if there was no authority to do so, said provisions cannot apply to the relator Thomas. These provisions are intended as a protection to incumbents, at the time of the legislative enactment, and do not apply to officials accepting office subsequent to said legislation. Again, if the act impinged upon any rights of Brown, and he submitted, Thomas would have no right to question the constitutionality of the law, in this particular, unless the curtailment of Brown's term directly affected him.—8 Cyc. 787; *Shehane v. Bailey,* 110 Ala. 308, 20 South. 359; *Jones v. Black,* 48 Ala. 540; *Dorman v. State,* 34 Ala. 249. Nor

[State, ex rel. Thomas v. Gunter.]

can Thomas invoke sections 68, 150, and 174, in his own behalf, as the act was passed before he was appointed to the office of judge of the city court, and it does not take away, limit, or restrict any vested right. It is true, he had been elected associate judge for a term of six years before the act was passed, and the act reduces said term, but he voluntarily surrendered said office before his rights became affected by the act. Had Thomas held on to the office of associate judge until the 15th day of November, 1910, he would doubtless be in a position to invoke sections 68, 150, and 174 of the Constitution, but this he did not do nor can he do so for Brown, who is not complaining. On the other hand, if Brown was complaining, he is in no position to invoke said sections of the Constitution for the reason that he was appointed associate judge after the act of 1907 had curtailed the term of same.

The point against the title, for failing to designate what "people" were to elect the judges, is so palpably without merit, that a discussion of same can serve no good purpose and would needlessly lengthen this opinion.

The circuit court did not err in refusing to oust the respondent Gunter, as judge of the city court, and the judgment is accordingly affirmed.

Affirmed.

SIMPSON, McCLELLAN, MAYFIELD, SAYRE, and EVANS, JJ., concur.