(78 South. 89)
Ex parte ELMORE. (2 Div. 661.)

(Supreme Court of Alabama. Feb. 14, 1918.)

1. STATUTES ⬅124(1) — SUBJECTS AND TITLES.
   Acts 1915, p. 279, § 9, stating the places for holding circuit courts, is comprehended within the purpose expressed in the title of such act "to provide a circuit court in every county of the state."

2. STATUTES ⬅98(1) — LOCAL AND SPECIAL ACTS.
   The mere fact that Acts 1915, p. 279, § 9, requiring a circuit court to be held at each place where a court of record is authorized to be held December 31, 1916, can apply only to a few counties, does not render it a local law, since such section contains merely details for working out the general provisions of the remainder of the law.

3. MANDAMUS ⬅30 — HOLDING OF CIRCUIT COURT.
   Acts 1909, p. 339 et seq., created a law and equity court for Marengo county, and section 10 thereof provided that such court should be held in Demopolis if that city should furnish suitable buildings. Acts 1915, p. 279, consolidated the courts, and section 9 required circuit court to be held at each place where a

court of record was authorized to be held on December 31, 1916. The city failed to furnish buildings, and the judge on that ground declined to hold court therein. *Held*, that such refusal was not an arbitrary abuse of discretion and did not warrant issuance of writ of mandamus requiring court to be held in Demopolis.

Original petition in mandamus ex parte Ben F. Elmore, to require the Judge of the Circuit Court to hold terms in Marengo County at Demopolis. Writ denied.

G. G. Griffin, of Demopolis, for appellant. William Cuninghame, of Linden, for appellee.

McCLELLAN, J. This proceeding is submitted for determination upon the allegations of the petition for mandamus to require the judge of the circuit court to hold terms of the circuit court of Marengo county at Demopolis, and on the answer of the judge of the circuit to the rule nisi.

Under the title, "To create and establish the Marengo law and equity court for Marengo county" (Acts 1909, Sp. Sess. p. 339 et seq.), that county was, for the purposes of defining the territorial jurisdiction of the law and equity court, divided into the Northern division and the Southern division. Terms for the Northern division were directed to be held at certain times at Demopolis; but upon the contingencies stipulated in section 10 of the local act. So far as presently important, section 10 reads:

" * * * Court shall be held in the Northern division of said court in the city of Demopolis, in Demopolis precinct, at such place therein as the judge of said court may designate and select, provided that the city of Demopolis must provide and furnish, without cost and expense to Marengo county, suitable and necessary buildings in which to hold said court, and for the safe-keeping of the prisoners and the records of said court and the necessary offices for the officers of said court."

On August 16, 1915, the "consolidated court act" was approved (General Acts 1915, p. 279). Its title is as follows:

"To provide a circuit court in every county in the state, and for the consolidation of the chancery court and all other courts of record having the jurisdiction of the chancery court or circuit court or either of them into the circuit court, and to remove all pending causes and records into the circuit court, and to provide and regulate the proceedings therein."

Section 9 of the act is as follows:

"9. That a circuit court shall be held at each place where a court of record is authorized to be held on December 31, 1916."

[1] It is not debatable, we think, that the provisions of section 9 are comprehended within the legislative purpose expressed in the first phrase in the title. To provide a circuit court in every county in the state necessarily foreshadowed the design to prescribe the place or places at which such court might be authoritatively held. State ex rel. v. Gunter, 170 Ala. 165, 54 South. 283; Const. § 45.

[2] In State ex rel. v. Pitts, 160 Ala. 133,

49 South. 441, 686, 135 Am. St. Rep. 79, it was held that, although a law, the chief features of which have general application throughout the state, contains details not so applicable, it is a general, not a local, law, within the definitions of such laws provided in section 110 of the Constitution. The doctrine of this decision concludes against the contention that, since the provisions of section 9, quoted above, can never apply to more than a few counties of the state, it is a local law.

[3] On December 31, 1916, a court of record, viz. the law and equity court of Marengo county, was authorized to sit and serve at Demopolis; thus affording the condition contemplated in the provisions of section 9 of the act approved August 16, 1915; but whether the terms of this court of record should be held at Demopolis depended upon these conditions, stipulated by section 10 of the act quoted before, that the city of Demopolis should, without cost or expense to Marengo county, "provide and furnish suitable and necessary buildings in which to hold the court, and for the safe-keeping of the prisoners and the records of said court and the necessary offices for the officers of said court"; the power to designate and select the place in the city of Demopolis where the court should be held being reposed in the sound legal discretion of the judge of the court. This discretion was, as we have indicated, not personal or irrevisable. According appropriate effect to the statements of fact in the answer of the circuit judge (Ex parte Scudder, 120 Ala. 434, 436, 25 South. 44), and assuming (for the occasion only) that the quoted provisions of section 10 of the local act are yet effective, notwithstanding the consolidation of the law and equity court with the circuit court, it cannot be now held that the sound legal discretion of the judge of the circuit in the premises (if it yet survives) has been capriciously or ill-advisedly exercised through the declination of the judge of the circuit to hold a term or terms of the circuit court of Marengo county at Demopolis, on the ground that the buildings and conveniences contemplated in section 10 of the local act have not been provided by the city of Demopolis.

Whether any of the provisions of the local act, creating the law and equity court of Marengo county, continued in operation and effect after the complete merger of that court into the circuit court, is not a question presented for decision at this time. If the issuance of the writ prayed had been justified, then, of course, it would not only have been proper but necessary to decide the question just stated.

The writ is denied.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.