178 So. 535

## Ex parte HOUSTON COUNTY et al.
## POYNER v. HOUSTON COUNTY et al.
### 4 Div. 998.

Supreme Court of Alabama.
Jan. 27, 1938.

cause pending in his court wherein the validity of such amendment is presented as an issue.

Mandamus denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

178 So. 536

## LUQUIRE FUNERAL HOMES INS. CO. v. TURNER.

### 6 Div. 185.

Supreme Court of Alabama.

Jan. 27, 1938.

W. Perry Calhoun, of Dothan, and Merrill, Jones & Merrill, of Anniston, for petitioners.

Ernest Matthews, of Birmingham, Thos. E. Buntin, of Dothan, E. W. Pettus, of Selma, and Niel P. Sterne, of Anniston, for respondent.

BOULDIN, Justice.

Section 281 of the Constitution forbidding any decrease in the salary of a public officer during the term for which he was elected or appointed, as well as section 150, specially relating to judicial officers, is for the protection of the incumbent.

An appointee to fill an unexpired term takes the salary prescribed by law at the time of his appointment. State v. Gunter, 170 Ala. 165, 176, 54 So. 283.

Judge Halstead, appointed in October, 1934, to fill an unexpired term, took the salary fixed by the Act of 1933, Gen. Acts, Extra Session, pp. 124, 129, regardless of the validity vel non of the Sparks Amendment, Const.Amend.No.26A, art. 24, see Gen.Acts 1933, Ex.Sess., p. 46. He has, therefore, no disqualifying interest in a