(153 App. Div. 470.)

### PORTER et al. v. FLETCHER et al.

(Supreme Court, Appellate Division, Third Department.   November 22, 1912.)

1. COUNTIES (§ 113*)—OFFICERS (§ 100*)—SALARIES—INCREASE—HIGHWAY OFFICER—AUTOMOBILE FOR USE OF.
 Under section 30 of the Highway Law (Laws 1910, c. 567), authorizing the board of supervisors to fix the salary of the county superintendent of highways and to provide for the payment of his expenses, the board had the power to increase his salary, and to buy an automobile for his use.
 [Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 174–180; Dec. Dig. § 113:*  Officers, Cent. Dig. §§ 152–157;  Dec. Dig. § 100.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COUNTIES (§ 113*)—OFFICERS (§ 100*)—INCREASE OF SALARIES.

Const. art. 3, § 28, forbidding the Legislature, common council of any city, or .any board of supervisors to grant extra compensation to any public officer, servant, agent, or contractor, relates only to compensation for past services, and would not prevent the board of supervisors from increasing the salary of a county superintendent of highways for the remainder of his term and buying an automobile for his use.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 174–180; Dec. Dig. § 113;* Officers, Cent. Dig. §§ 152–157; Dec. Dig. § 100.*]

3. COUNTIES (§ 113*)—COUNTY BOARD.

Where the board of supervisors have the power to increase the salary of the county superintendent, and to provide for his expenses, they are only answerable to their constituents for any abuse of the power.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 174–180; Dec. Dig. § 113.*]

Kellogg and Betts, JJ., dissenting.

Appeal from Trial Term, Franklin County.

Action by Nelson W. Porter and others against Ernest T. Fletcher and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Moore & Berry and Cantwell & Cantwell, all of Malone (John M. Cantwell, of Malone, of counsel), for appellants.

George J. Moore, of Malone, for respondents.

SMITH, P. J. This action is brought against the board of supervisors of the county of Franklin to restrain them from auditing and paying a bill presented against the county for the sum of about $1,800 for the purchase of an automobile for use by the county superintendent of highways in his duties as such county superintendent, and the committee on highways and county superintendent's affairs, and the county road committee; the latter committee having been appointed pursuant to chapter 137 of the Laws of 1911. This act provided for the construction and maintenance of a county road system in said county of Franklin, and authorized the board of supervisors thereof to issue bonds of said county in the aggregate amount of $500,000 for such system. The construction under this system comprised many miles of highways, all of which were under the charge of the county superintendent of highways, as well as under the charge of the county road committee provided for in the act. In said county there was 1,364 miles of highways already under the supervision of the county superintendent of highways and the committee on highways of the board of supervisors. The institution of this system of county highways authorized by the act in question very largely increased the work and responsibility of the county superintendent of highways, and it might well be held that for better efficiency in service of the said county superintendent, as well as of the said county road committee, the purchase of an automobile for their use was in the interest of economy, for the procurement of more thorough inspection of the build-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing of the new roads contemplated by the act in question. The plaintiff bases his cause of action, first, upon the want of statutory power to purchase this automobile for the purposes for which it was purchased; and, secondly, upon the want of constitutional power.

[1] By section 30 of the Highway Law passed in 1910, the board of supervisors was authorized to fix the salary of the county superintendent of highways and to provide for the payment of his expenses. Prior thereto, and in 1909, this county superintendent of highways was appointed for the term of four years at a salary of $1,500, with a provision that such salary should include all expenses. With the power of the board of supervisors to fix the salary, however, there would seem to be implied the further power to increase that salary at least in case of any unusual increase in the duties to be performed. The board of supervisors would certainly have the power to accept his resignation and reappoint him under a new contract, by which he should have a further salary or additional expenses. If this be so, it would seem to follow that without the subterfuge of a resignation and reappointment the board might increase his salary and provide for additional expenses as circumstances might arise justifying the same. See Truesdale v. City of Rochester, 33 Hun, 574. In fact, in the fall of 1909, after his appointment, the salary was increased from $1,500 to $2,000; but this was prior to the institution of this county road system, under which system his duties were so materially increased.

[2] By section 28 of article 3 of the Constitution it is provided:

"The Legislature shall not, nor shall the common council of any city, nor any board of supervisors, grant any extra compensation to any public officer, servant, agent or contractor."

It is contended after having fixed his salary, which was made to include all his expenses, that the providing of an automobile to the county superintendent of highways, thereby lessening his expenses. would be an increase of compensation, prohibited by this provision of the Constitution. In Truesdale v. City of Rochester, 33 Hun, 574, it seems to have been held that the increase of the salary for the remainder of the term does not violate this provision. It is also held in People ex rel. Masterson v. Gallup, 65 How. Prac. 108, that a resolution of a board of supervisors giving a clerk to the coroners of the county does not violate this provision of the Constitution. The evil sought to be remedied by this constitutional provision seems to be an increase of compensation for services theretofore rendered, which would be in the nature of a gratuity. So it has been held that the granting of pensions to teachers who had retired before the granting of the pensions was within the prohibition of this provision of the Constitution. See Matter of Application of Mahon v. Board of Education of the City of New York, 171 N. Y. 263, 63 N. E. 1107, 89 Am. St. Rep. 810. From these authorities it is clear that the provision of the Constitution referred to can form no basis for this action.

[3] It is argued that, if the board of supervisors were authorized to furnish an automobile for the superintendents of highways, they

would be authorized to furnish one for the county clerk, or for the sheriff, and for other county officers. This does not follow, however, because the salary of the county superintendent of highways is determined by the board of supervisors itself. This board might increase the salary of this man to any amount that might be deemed proper, being answerable only to their constituents for any abuse of this power. I do not see how this power to provide for expenses is any more liable to be abused than the power to fix the salary at a larger sum, and therefore the objection of expediency cannot be raised. I say the objection of expediency because, of course, if the supervisors had power the question of expediency is not here; but I speak of that question as bearing upon the interpretation of the powers of the supervisors. I have thus far considered this question purely as though the automobile were furnished for the assistance of the county superintendent of highways. It seems to have been furnished, however, also for this county road committee, as well as for the committee on highways of the board of supervisors. The main use, however, was by the county superintendent of highways; but, if the purchase of the automobile for him can be justified, as it seems to me it can, it can harm nothing that its use was also given to any committee.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except KELLOGG, and BETTS, JJ. dissenting.