In the Matter of the Application of ROBERT B. CASTREE, Petitioner, for a Mandamus Order against GEORGE O. SLINGERLAND, Treasurer of the County of Saratoga, Respondent.

Supreme Court, Saratoga County, March 28, 1931.

*Robert W. Sloan,* for the petitioner.

*Edward D. Eddy,* for the respondent.

*John C. McNeilly, amicus curiæ.*

HEFFERNAN, J. The petitioner has applied for a peremptory mandamus order commanding the respondent, the treasurer of Saratoga county, to pay him, as one of the coroners of that county, his monthly salary at the rate of $1,500 per year. There is no dispute about the facts. A question of law only is involved.

Some time prior to 1904 the board of supervisors of Saratoga county, pursuant to the provisions of section 180, subdivision 1, of the County Law (as amd. by Laws of 1920, chap. 594), determined that there should be two coroners in that county. The term of office of a coroner is three years. The board of supervisors has exclusive authority to fix the salary of the coroners. (County Law, § 191; *Matter of MacDonald* v. *Ordway*, 219 N. Y. 328.) In 1904 the salary of the coroners was fixed at the sum of $1,000 per year for each coroner. In various years since then the salary was fixed at the same amount. On December 24, 1929, the board of supervisors adopted the following resolution: " *Resolved,* that commencing January 1, 1931, the salaries of the coroners of Saratoga County be fixed at Fifteen hundred Dollars a year, payable monthly."

In November, 1929, Dr. Arthur W. Johnson was elected coroner for a term of three years commencing January 1, 1930. In November, 1930, petitioner was elected to the same office for a like term beginning January 1, 1931. During the year 1930 the coroners then in office, Dr. Johnson and petitioner's predecessor, received salaries at the rate of $1,000 a year. Provision was made in the budget adopted by the board of supervisors at its annual session in 1930 for the payment of a salary of $1,500 to each coroner per year after January 1, 1931. The respondent has paid the salaries of both coroners since January 1, 1931, at the rate of $1,000 a year instead of at $1,500 a year. He has done this at the direction of examiners from the office of the State Comptroller, one of whom as *amicus curiæ* has filed a brief in opposition to petitioner's application.

The Comptroller contends that subdivision 5 of section 12 of the County Law forbids the payment to Dr. Johnson during his term of office of any amount greater than $1,000, and that the resolution of the board of supervisors violated this section in so far as the petitioner is concerned for the reason that the salary of both coroners, according to the Comptroller's view, must be the same.

In the absence of constitutional or statutory inhibition the compensation of public officers may be changed during their term of office. Subdivision 5 of section 12 of the County Law (as amd. by Laws of 1914, chap. 358), so far as material here, provides: " *The salary or compensation of an officer or employee elected or appointed for a definite term shall not be increased or diminished during such term.*" The State Constitution (Art. 3, § 28) forbids the Legislature, the common council of any city and the board of supervisors to " grant any extra compensation to any public officer." The evil sought to be remedied by this constitutional

provision seems to be an increase in compensation for services theretofore rendered which would be in the nature of a gratuity. (*Porter* v. *Fletcher*, 153 App. Div. 470.) The statute in prohibiting an increase or decrease in salary during a term of office was evidently designed to conform to the constitutional provision cited. The provision of law forbidding a change in the compensation of an official during his term of office is inexorable. It admits of no exceptions and it affords no opportunity for evasion by those charged with the responsibility of fixing such compensation. The purpose of this law is not only to protect the public against the evil of permitting a public official to use his official power and prestige to augment his own salary but also to protect him against the equally unjust action of a reduction in his compensation by an unfriendly board having authority to fix the salary. This beneficent legislation removes from the lawmakers the temptation to control the other branches of government by promises of reward in the form of increased compensation or threat of punishment by way of reduced salaries.

If the Comptroller is correct in his interpretation of the statute in question, the board of supervisors of Saratoga county is without power to make any change in the salaries of the coroners at any time. It appears that the terms of office of the two coroners overlap. Only through death, removal or resignation will they ever be identical. The Comptroller asserts that only the Legislature can make a change unless the terms are identical, in which event the board of supervisors would have jurisdiction. This view seems to me to be entirely too arbitrary. No such absurd intent should be attributed to the Legislature. The Legislature has delegated to the board of supervisors the authority to fix the salary for this office. It seems to me that the action of the board of supervisors in adopting the resolution which it did, did not violate the quoted provision of the County Law. It is true that under this resolution Dr. Johnson would receive a larger salary for the second and third years of his term than the first. The action of the board of supervisors was taken, however, before the commencement of that term. He did not assume office until January 1, 1930. The statute under consideration provides that the salary of an officer or employee elected or appointed for a definite term " shall not be increased or diminished during such term." The change in Dr. Johnson's salary was made before and not after he took office. What do the words " during such term " mean? It seems to me that the only sensible construction is during the officer's continuance in office. The term only begins when the occupant has been inducted into the office to which he was elected. The provision here as I view it clearly

refers to the term of office and not to the date of the officer's election. An official cannot begin his term until he has actually assumed office. To adopt the theory of the Comptroller would mean that the statute would have to be construed as meaning that the salary of an officer shall not be increased or diminished after his election. There is no justification for such an arbitrary construction. The statute does not prohibit a change of compensation after the election or appointment of an officer and before the commencement of his term. The inhibition is against a change during the term. The precise question involved here apparently has never been decided in this State. On a similar state of facts the Supreme Court of California (*Rice* v. *National City*, 132 Cal. 354) arrived at a like conclusion. In that case one Smith was elected as city marshal for a term of two years commencing April 20, 1898. He refused to qualify. On June 21, 1898, the board of trustees of the city increased the compensation of the marshal. On July 13, 1898, the board filled the vacancy in this position created by Smith's refusal to qualify. Smith was appointed to fill the vacancy. The court held that the salary of the marshal was not increased during the incumbent's term of office. In the course of its opinion it said: " If Doe had been appointed instead of Smith, it would hardly be contended that the ordinance passed in June, prior to his appointment, increased or in any manner changed his compensation ' during his term of office,' which could not begin until he was appointed and qualified. If the statute had provided that the compensation attached to the office of city marshal should not be increased or diminished during the statutory term of two years for which the marshal shall be elected, respondent's contention would be sound. The difference, however, is apparent. The object of the statute is to protect the incumbent against a reduction of compensation during his occupancy of the office, and also to take away all inducement to use his official influence and efforts to procure an increase of it during his incumbency; and in accepting the appointment Smith had a right to rely upon the compensation as then fixed, but which could not take effect until he entered upon a new term under his appointment."

I conclude that the board had the legal right to change the salaries of the coroners, that both officials are entitled to be paid at the rate of $1,500 a year. Petitioner is, therefore, entitled to a peremptory mandamus order as prayed for. In view of the fact that the respondent has been misled by the representatives of the State Comptroller I do not think that he ought to be penalized by charging him with costs.