ENRIQUE PONSA PARÉS, Plaintiff and Appellee, *v.* BLANTON WINSHIP, GOVERNOR OF PUERTO RICO, ET AL., Defendants and Appellants.

No. 7491. Argued March 9, 1938.—Decided December 8, 1938.

B. *Fernández García, Attorney General,* and *Emilio de Aldrey, Deputy Attorney General,* for appellants. *Ponsa & Riefkohl* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

By an Act (No. 57) approved April 28, 1930 (Session Laws, p. 414) the Insular Legislature created a new district

court and authorized the appointment of a number of officers for a period of four years at fixed salaries. Among the officers to be appointed was a district prosecuting attorney at a salary of $3,850. During subsequent years a legislature appropriated amounts insufficient for the payment of these salaries as fixed by the Act of 1930. Several of the officers appointed under the provisions of that act have heretofore been held entitled to the difference between the amounts due under the Act of 1930 and the amounts appropriated during the terms for which those officers had been appointed. See *Durand* v. *Treasurer,* 50 P.R.R. 897; *Ponsa* v. *Winship, Governor,* 51 P.R.R. 156; *Samalea* v. *Winship, Governor,* 51 P. R.R. 234.

Enrique Ponsa Parés was appointed July 29, 1930, for a period of four years. Something less than a year after the expiration of this term, he was again appointed July 13, 1935, for another term of four years. The Legislature, at its regular session in 1935, did not pass any appropriation bill. At a special session which began June 25 and ended July 8, it did pass an appropriation bill which provided that the act should take effect July 1st. This act was approved July 20th. It contained the following item:

"District attorney_____ $3,291.75"

Section 34 of the Organic Act provides that:

"Except as otherwise provided in this Act, no law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment, nor permit any officer or employee to draw compensation for more than one office or position."

The same section in a previous paragraph also provides that:

"No bill shall become a law until it be passed in each house by a majority yea-and-nay vote of all of the members belonging to such house and entered upon the journal and be approved by the governor

within ten days thereafter. . . . If any bill shall not be returned by the governor within ten days (Sundays excepted) after it shall have been presented to him, it shall be a law in like manner as if he had signed it, unless the legislature by adjournment prevents its return, in which case it shall be a law if signed by the governor within thirty days after receipt by him; otherwise it shall not be a law."

The district court held that the Appropriation Act of 1935 had not become a law prior to July 13 and therefore that the salary of the district attorney as fixed by the Act of 1930 had not been reduced at the time of his re-appointment for a second term of four years. Hence, the district court also held, plaintiff was entitled to receive during his second term of office the full amount of his salary as fixed by the law of 1930.

The brief for appellants does not directly challenge the soundness of this reasoning but simply assumes, as did a stipulation filed in the district court, that the salary of the district attorney was in fact reduced before the date of his second appointment. We are inclined to agree with the district judge that he could take judicial knowledge of the date of approval and it must be conceded, of course, that the bill did not become a law prior to that date. It must be conceded also that there is much force in the reasoning whereby the district judge reached the conclusion that the salary of the district attorney had been reduced after his second appointment. It would be easy enough to say that the brief for appellants furnishes no satisfactory basis for a contrary conclusion and to affirm the judgment of the district court. Nevertheless, we are unable to agree with the district judge and with counsel for appellee that plaintiff was entitled to receive during his second term of office the full amount of his salary as fixed by the Act of 1930.

The spirit and the purpose of paragraph 13 of section 34, *supra*, are to forbid legislative action after the appointment or re-appointment as the case may be. In the in-

stant case the Legislature acted before the date of the second appointment. If the bill was passed after July 1st it was of course as to that date both retrospective and retroactive from the time of its passage. At the time of its passage, however, this expression of the legislative will was neither retrospective nor retroactive with reference to the date of the district attorney's re-appointment. The re-appointment was made after the date upon which the law by the express terms thereof was to take effect and after the bill had passed both houses of the Insular Legislature. Potentially and practically—subject only to the approval of the Governor or to the remote possibility of a gubernatorial veto—the Legislature had reduced the salary of the district attorney with a specific provision that such reduction should take effect July 1, 1935, and had then adjourned—all prior to the re-appointment of the district attorney for a second term and long after the expiration of his first term. In such circumstances, the approval of the Governor, we think, should be deemed to relate back to the date of passage and the salary of the district attorney should be held to have been reduced as of July 1st, thirteen days before his re-appointment.

The district court also held that the constitutional prohibition attaches to the office, not to the incumbent, and that the Legislature was powerless to reduce the salary of the district attorney as fixed by the Act of 1930 after his first appointment for a term of four years notwithstanding the expiration of that term long before the date of such reduction and notwithstanding the fact that such reduction was made prior to the date of the district attorney's re-appointment for a second term. We cannot concur in this view. What paragraph 13 forbids is any extension of the term for which a public officer has been appointed or any increase or diminution of his salary during the term for which he has been appointed, if appointed for a term, whatever the rule may be in the absence of a fixed term.

See 46 C. J. 1022, section 255; *Clark* v. *Logan County,* 128 S. W. 1079; *State* v. *Gunter,* 54 So. 283; *State* v. *Farmer,* 196 S. W. 1106; *Matter of Castree* v. *Slingerland,* 139 Misc. 632.

The other questions involved were disposed of March 19, 1937, on overruling a motion to dismiss the present appeal as frivolous. See *Ponsa* v. *Winship, Governor, supra.*

The judgment appealed from must be reversed to the extent of the holding that plaintiff was entitled to receive his full salary as fixed by the Act of 1930 from and after July 1st, 1935, and in all other respects the said judgment will be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice De Jesús took no part in the decision of this case.