Requestor: Norris L. Webster, Esq., County Attorney County of Orleans P.O. Box 606 Medina, New York 14103
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the county legislature may establish a salary for a person elected to fill the balance of a four-year term in the office of district attorney that is lower than his predecessor's salary.
You informed us that upon the occurrence of the vacancy in the office of district attorney, the Governor made an appointment under section 400(7) of the County Law to fill the vacancy until an election can be held to fill the position for the balance of the unexpired term. You also have informed us that the office of district attorney in your county is part time.
The State-mandated salary for district attorneys does not apply in those counties that have established the office as part time. Judiciary Law, § 183-a. Also, we note that the Court of Appeals has determined that the district attorney is a local officer. Matter of Kelley v McGee,57 N.Y.2d 522 (1982).
Your concern is section 201 of the County Law which provides that
 "[t]he salary of any such officer elected or appointed for a fixed term shall not be increased or diminished during the term of his office . . ." County Law § 201.
The issue you have presented is whether the prohibition on increasing or diminishing compensation applies to the entire four-year term of the office of district attorney or applies to the individual officeholder and his particular term of office. In other words, is it permissible under section 201 to diminish the salary of an individual elected to fill a vacancy for the balance of a term, provided that such decrease is effectuated prior to his assumption of the office?
While there is a dearth of decisional law and opinions construing this provision of the County Law, we have found some clear indication of the legislative intent underlying the statute. Matter of Castree vSlingerland, 139 Misc. 632 (Sup Ct Saratoga Co 1931); 1934 Op Atty Gen (Inf) 84.
 "The provision of law forbidding a change in the compensation of an official during his term of office is inexorable. It admits of no exceptions and it affords no opportunity for evasion by those charged with the responsibility of fixing such compensation. The purpose of this law is not only to protect the public against the evil of permitting a public official to use his official power and prestige to augment his own salary but also to protect him against the equally unjust action of a reduction in his compensation by an unfriendly board having authority to fix the salary. This beneficient legislation removes from the lawmakers the temptation to control the other branches of government by promises of reward in the form of increased compensation or threat of punishment by way of reduced salaries." Matter of Castree v Slingerland, supra, p 634.
Citing Castree, an opinion of the Attorney General concluded that substantially similar language in a predecessor to section 201 refers to the particular incumbent's term rather than the term of the office. 1934 Op Atty Gen (Inf) 84. Thus, the opinion found that the salary of a county attorney appointed for the balance of a term could be reduced prior to the commencement of his term of office. The opinion characterized the legislative intent:
 "the purpose of the law being to protect such incumbent from a decrease in compensation by an unfriendly board, and to prevent such public official to use his official power and prestige to augment his own salary through whatever influence he might be able to exercise upon a friendly board."
We conclude that the salary of a part-time district attorney to be elected to fill a vacancy in office may be changed prior to the commencement of his term.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.